**Gary S. REYNOLDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–1874.

Court of Appeals of Alaska.

May 8, 1987.

John Hagey, Asst. Public Defender, Fairbanks and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

### OPINION

BRYNER, Chief Judge.

Gary S. Reynolds was convicted on his plea of no contest to the charge of burglary in the second degree. AS 11.46.310(a). The offense, a class C felony, is punishable by a maximum term of five years and by presumptive terms of two years for second felony offenders and three years for third felony offenders. Superior Court Judge Gerald J. Van Hoomissen sentenced Reynolds, a first felony offender, to a term of five years with three years suspended. Reynolds appeals, contending that the sentence is excessive. We reverse.

In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we held that a first offender should normally receive a sentence more lenient than the presumptive term prescribed for a second felony offender convicted of the same crime. We noted that sentences exceeding the second offense presumptive term are reserved for exceptional cases.

In *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983), we elaborated on the *Austin* rule, holding that first offense sentences equaling or exceeding the presumptive term for a second offender should be imposed only when there are circumstances present that would qualify as statutory aggravating factors or justify referral to the three-judge sentencing panel. More recently, in *Tate v. State*, 711 P.2d 536 (Alaska App.1985), we held that a first felony offender's prior record of misdemeanor convictions, even if extensive, did not qualify as an extraordinary circumstance warranting imposition of a term exceeding the second offender presumptive.

Our holding in *Tate* is particularly significant in the context of the present case. Tate was convicted of burglary in the second degree and was a first felony offender. Over a two-year period prior to his felony conviction, Tate had accumulated an extensive misdemeanor record, including four shoplifting convictions and multiple probation revocations. However, Tate had never previously served any significant period of incarceration. This court held:

> Tate's criminal record occupied a period of two years. It does not appear he had a juvenile record. None of Tate's offenses bordered on felony convictions. Significantly, prior to his instant conviction, Tate had never served a continuous period of incarceration in excess of thirty days. His total prior jail time for all his shoplifting offenses apparently accumulated to less than forty-five days' imprisonment. We do not mean to minimize the serious problem that offenders like Tate pose. Nevertheless, if we ignore Tate's record, it is arguable that the appropriate sentence for this case, a second degree burglary, might have been probation in combination with restitution. *Leuch v. State*, 633 P.2d 1006, 1014 n. 22 (Alaska 1981) (defining probation as a sentence of sixty days or less). Tate's misdemeanor record, given its continuous nature and the short period of time elapsing between his most recent offense and the instant offense, clearly warranted a sentence in excess of sixty days' incarceration. Nevertheless, *Leuch* teaches that the trial court should not impose substantial periods of imprisonment on someone who has not been subjected to lesser periods of imprisonment. At the time of sentencing, Tate had already served eighty-nine days in jail. The trial court could certainly have concluded that additional time in jail was necessary to deter and rehabilitate Tate. A sentence of up to two years would not have been clearly mistaken. In addition, the trial court's concerns regarding Tate's amenability to rehabilitation after he completed his sentence of incarceration would have warranted suspended time. The record would not, in our view, however, warrant a total sentence for Tate in excess of two years including suspended time. *Sears v. State*, 653 P.2d 349 (Alaska App.1982). A sentence of five years with three years suspended is clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

*Tate v. State*, 711 P.2d at 540 (footnote omitted).[1]

---

1. Although the passage quoted in the text above clearly would allow a sentence of up to two years of unsuspended incarceration, the final paragraph of our opinion in *Tate* summarily mandated that Tate be resentenced "to a period not to exceed two years with one year suspended." *Tate v. State*, 711 P.2d at 540. This discrepancy first came to our attention only recently, in connection with our consideration of the present case. Examination of this court's files in *Tate* discloses that our inclusion of language calling for a sentence of two years with one year suspended was inadvertent; our intent was to provide for a term of up to two years of unsuspended incarceration, in keeping with the discussion set out in the body of the opinion. To the extent that *Tate* may be read to stand for the proposition that a term of two years with one year suspended is appropriate in similar cases, we modify our decision in that case. We read *Tate* as precedent approving a total sen-

In the present case, Reynolds was convicted of burglary in the second degree after breaking into a Fairbanks thrift shop, where he was regularly employed, and stealing $140. Reynolds was twenty years old, and, between June 10, 1985, and November 13, 1985, he had accumulated four misdemeanor convictions. All involved minor offenses for which Reynolds received suspended jail time. Following his arrest in the current case, Reynolds was initially placed on pretrial diversion. His performance in that program was unsatisfactory and he was terminated after being charged with another misdemeanor. The new charge was criminal mischief in the third degree, a class A misdemeanor for which Reynolds eventually received a suspended forty-day sentence.

In sentencing Reynolds to a term of five years with three years suspended, Judge Van Hoomissen did not expressly consider the *Austin* rule. Nor did he discuss any possible aggravating factors or extraordinary circumstances. The judge concluded that a substantial term was warranted in light of Reynolds' misdemeanor record, his inability to comply with the requirements of the pretrial diversion program, and his apparent lack of candor with the probation officer who prepared the presentence report.

While these circumstances certainly warrant the imposition of a substantial sentence—one involving incarceration for more than sixty days—they do not constitute extraordinary circumstances justifying a total sentence exceeding the presumptive term for a second felony offender. As in *Tate*, Reynolds is a young first offender who has a misdemeanor record consisting of minor offenses, none of which bordered on being a felony. Reynolds has never previously been sentenced to any significant period of jail time, and the conduct for which his current conviction was entered was relatively minor and resulted in only a small monetary loss. No potentially applicable aggravating factors were found, and none are apparent. Had Reynolds been previously convicted of a felony, it appears likely that he could not have received a sentence in excess of two years.

We find little significant distinction between Reynolds' case and the circumstances we considered in *Tate*. Considering the totality of the circumstances in the present case, we believe that *Tate* mandates the conclusion that Reynolds' sentence of five years with three years suspended is clearly mistaken.[2] *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). In keeping with *Tate*, we conclude that Reynolds should receive a total sentence of no more than

---

tence of up to two years, and it is this reading that we apply to our decision in the present case. *See West v. State,* 727 P.2d 1, 3 (Alaska App.1986).

**2.** The state cites two additional cases that deserve brief mention. In *Zurfluh v. State,* 620 P.2d 690 (Alaska 1980), the supreme court affirmed a sentence of five years with two years suspended for a youthful first offender convicted of burglary not in a dwelling. Zurfluh's case, however, was characterized by the court as a particularly egregious crime. Zurfluh was convicted of burglary after breaking into a store and stealing a safe containing more than $42,000. He subsequently left the state and spent all of the proceeds from the burglary before returning to Alaska. The present case, by contrast, involves circumstances that appear to be at the lower range of seriousness for second-degree burglary.

In *Kanipe v. State,* 620 P.2d 678 (Alaska 1980), the defendant, a youthful first offender with a prior record of minor misdemeanors, was convicted of burglary not in a dwelling and given a

suspended imposition of sentence. Kanipe subsequently gave his probation officer a false address and disappeared. He was later seen in possession of a handgun, and his probation was revoked. The sentencing court imposed a four-year unsuspended term. On appeal, the supreme court reversed, holding that Kanipe's sentence should not exceed two years of unsuspended incarceration. Although the court did not preclude the imposition of a suspended term in addition to the two years of unsuspended time, the situation in *Kanipe* is distinguishable from that in the present case. Kanipe was on formal probation after having been formally convicted of burglary. Moreover, Kanipe's probation revocation stemmed from conduct that amounted to a felony. *See Kanipe,* 620 P.2d at 680 n. 5. In contrast, Reynolds was on pretrial diversion and had not been formally convicted; his pretrial diversion program was terminated after he was charged with a minor misdemeanor.

two years' imprisonment. *See Tate v. State,* 711 P.2d at 540.

The sentence imposed by the superior court is VACATED, and this case is RE-MANDED for imposition of a sentence of not more than two years' imprisonment.