Robert T. COMEGYS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2083.

Court of Appeals of Alaska.

Dec. 31, 1987.

---

Michael Dieni, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

Renee R. Erb, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Robert T. Comegys pled no contest and was convicted of two counts of burglary in the second degree, a class C felony, AS 11.46.310, one count of theft in the second degree, a class C felony, AS 11.46.130(a)(1), and one count of theft in the third degree, a class A misdemeanor, AS 11.46.140(a)(1). For the first count of burglary and the count of theft in the second degree, he received concurrent sentences of three years with one year suspended. For the second count of burglary, he received a sentence of two years with one year suspended, to be served consecutive to the sentence previously imposed. For theft in the third degree, he received a sentence of six months with six months suspended, to be served concurrent with the second burglary count, but consecutive to the first burglary and theft counts. Thus, Comegys received a composite sentence of five years with two years suspended. He appeals, contending that his sentence is excessive. We affirm.

## THE OFFENDER

At the time of sentencing, Comegys was twenty-three years of age. He only completed the eighth grade but apparently has received his GED. Comegys has a juvenile record which began in March 1979 when he was fifteen years of age. He was prosecuted for what his probation officer characterized as a minor arson in September 1979, littering and traffic offenses in December 1979, and unauthorized use of a vehicle in November 1981. As a result of these charges, he was incarcerated in a juvenile institution from November 1981 until January 1982, when he was released to facilitate his entry into the military. Comegys was dishonorably discharged from the Army on October 20, 1983.

Comegys has been employed as a short-order cook for a variety of employers between May 1984 and the present. He appears to have a substantial alcohol and drug abuse problem. Comegys' adult criminal record includes convictions for driving while intoxicated in 1986 and shoplifting in June 1984. For his shoplifting offense, Comegys initially received a suspended imposition of sentence for six months on condition that he pay $100 court costs and perform thirty-two hours of community service. He failed to comply with these conditions, which resulted in the imposition of thirty-two hours community service, thirty days with thirty days suspended, a $300 fine with $200 suspended, and one year of probation.

## THE OFFENSES

The offenses charged in the indictment involve conduct occurring in December 1986. On December 2, 1986, Comegys, with two other men, burglarized the Hillcrest Day Care Center and stole property. In the course of their burglary, they ransacked the offices of the day-care center. On December 15, 1986, Comegys, again with two other men, burglarized the Anchorage Bible Fellowship Church and stole property. Comegys was arrested on January 22, 1987. The presentence report indicates that during the course of Comegys' contacts with the police, he used several different names, dates of birth, and Social Security numbers.

Apparently, Comegys was involved in two other burglaries. Comegys agreed that the trial court could consider, for purposes of sentencing, his burglary and resulting thefts from Willis Flooring Company on January 22, 1987, and his burglary and theft from Inlet Glass on January 22, 1987. In addition, it appears that a petition to revoke Comegys' probation for his misdemeanor conviction was pending, because he allegedly did not avail himself of alcohol screening or contact correctional officers to schedule his community service.

## THE SENTENCES

■ In imposing sentence, Judge Michalski properly considered the *Chaney* sentencing criteria. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). He emphasized rehabilitation and protection of the community. In the court's mind, Comegys' sporadic employment, drug abuse, juvenile

record, and multiple offenses required a period of incarceration to ensure Comegys' rehabilitation. Recognizing that a first offender should not receive a period of incarceration greater than the presumptive term for a second felony offender, *see Austin v. State,* 627 P.2d 657 (Alaska App.1981), the court imposed concurrent sentences of three years with one year suspended for the burglary and theft from the Hillcrest Day Care Center. The trial judge concluded that the burglary committed two weeks later was a separate and distinct crime. The court followed the probation officer's recommendations and imposed concurrent sentences for the burglary and theft from the Anchorage Bible Fellowship Church, but made these sentences consecutive to the Hillcrest Day Care Center sentences.

## DISCUSSION

Comegys is a first felony offender sentenced for two groups of offenses. The first being the burglary and theft from the Hillcrest Day Care Center, and the second being the burglary and theft from the Anchorage Bible Fellowship Church. The two burglaries and first theft, in this case, are class C felonies. The maximum sentence for each offense is five years' imprisonment, while the presumptive sentences are two years for a second felony offender, and three years for a third felony offender. *See, e.g.,* AS 12.55.125(e).

In *Leuch v. State,* 633 P.2d 1006, 1013, 1014 n. 22 (Alaska 1981), the supreme court suggested that first offenders convicted of property offenses should normally receive probation, defined to include incarceration of up to sixty days, and that longer sentences should require some justification in the record. In *Austin,* 627 P.2d at 657–58, we held that normally a first offender should receive a sentence more favorable than the presumptive sentence reserved for a second felony offender. In a subsequent case, we concluded that deviation from this rule should require a finding of aggravating factors, *see, e.g.,* AS 12.55.155(c), or the kind of special circumstances that would warrant referral to a three-judge panel, *see* AS 12.55.165 and AS 12.55.175. *Brezenoff*

*v. State,* 658 P.2d 1359, 1362 (Alaska App. 1983).

Generally when we evaluate a sentence, we consider the whole sentence including suspended time. For the purposes of applying *Austin,* however, when we evaluate whether a sentence exceeds the presumptive term for a second felony offender, we primarily focus on that portion of the sentence which imposes a period of incarceration. *Tazruk v. State,* 655 P.2d 788, 789 (Alaska App.1982). When, however, a first offender receives a sentence of incarceration equal to the presumptive term for a second offender, and in addition, receives suspended time, aggravating factors or extraordinary circumstances must appear in the record. *Brezenoff,* 658 P.2d at 1362. *Cf. McManners v. State,* 650 P.2d 414 (Alaska App.1982) (in order to impose suspended time in addition to presumptive term, the court must find aggravating factors).

Finally, before imposing a sentence on any offense, the trial judge must, hopefully with the assistance of counsel, inform himself or herself of sentences customarily imposed for similar offenses committed under similar circumstances by similar individuals. *See, e.g., Pears v. State,* 698 P.2d 1198 (Alaska 1985); *Page v. State,* 657 P.2d 850, 855 (Alaska App.1983).

Comegys was sentenced separately for each burglary and accompanying theft. For the burglary and theft of the day-care center Comegys received concurrent sentences of three years with one year suspended. His sentences for the burglary and theft of the church also ran concurrent with each other, but ran consecutive to the prior sentence. Without justification in the record, a sentence of three years with one year suspended for the first burglary and theft violates the *Austin* rule. The trial court found no aggravating factors and found no extraordinary circumstances. Nevertheless, it imposed a sentence that exceeds, by one suspended year, the two-year presumptive term for a second felony offender convicted of a class C felony. As we have previously held, any increase over that presumptive term, even if suspended,

must be justified by aggravating factors or extraordinary circumstances.

Comegys also argues that the sentences imposed in this case violate the *Pears* rule because they are inconsistent with other sentences imposed for similar crimes on those similarly situated. *See, e.g., Reynolds v. State*, 736 P.2d 1154 (Alaska App. 1987); *West v. State*, 727 P.2d 1 (Alaska App.1986); *Parker v. State*, 714 P.2d 802 (Alaska App.1986); and *Tate v. State*, 711 P.2d 536 (Alaska App.1985). In those cases we surveyed the range of sentences previously imposed for burglary and related theft convictions, and concluded that even when the *Leuch* rule did not require a suspended sentence, the total sentence should ordinarily not exceed the presumptive term for a second felony offender.

In our view, the record establishes that a sentence in excess of sixty days' incarceration is not clearly mistaken. *Reynolds v. State*, 736 P.2d at 1155. In reaching this conclusion, we have considered: Comegys' juvenile record, his brief stay in a juvenile institution, his dishonorable discharge from the military, his commission of the instant offenses while on misdemeanor probation, his failure to comply with the conditions of probation, and verified information in the record that Comegys had committed two burglaries and related thefts for which he was not charged. This case is similar to *Reynolds* and *Tate*, in which we found sentences of five years with three years suspended for a first felony conviction of burglary in the second degree clearly mistaken because there were no extraordinary circumstances to justify a sentence in excess of the presumptive term for a second felony offender.

As we noted in *Austin*, a first offender should generally receive a more favorable sentence than the presumptive term for a second felony offender. Nevertheless, Comegys' conviction for two separate criminal transactions, his admission that he committed two other burglaries in related offenses, his juvenile incarceration, and dishonorable discharge, would permit the trial court to find extraordinary circumstances warranting a total composite sentence of five years with two years suspended. *See Edwards v. State*, 733 P.2d 1063 (Alaska App.1987). We are not satisfied that any of the factors standing alone would justify a sentence in excess of two years including suspended time. Viewed in their totality, however, we conclude that the trial judge acted within his discretion when he imposed the higher total sentence: five years with two years suspended. We are satisfied that Comegys would have been subject to a longer total sentence as a second felony offender.

The state seeks to distinguish *Wood v. State*, 712 P.2d 420 (Alaska App.1986) and, by extension, the other cases in which we have recognized limitations on sentences for first offenders in burglary prosecutions. The state points out that Comegys was sentenced for two separate and distinct offenses and, that under AS 12.55.-025(e) and (g), he was subject to consecutive sentences. In *State v. Andrews*, 707 P.2d 900, 905–06 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986), we noted that the trial court had discretion to impose consecutive or concurrent sentences under this statute, but that the legislature had indicated a slight preference for consecutive sentences. In the state's view, so long as the sentences imposed for Comegys' separate offenses are each consistent with existing case law, any excess can be explained and justified by the trial court's power to impose consecutive sentences. We disagree.

In *Waters v. State*, 483 P.2d 199, 202 (Alaska 1971), the supreme court recognized that a sentence that might appear excessive when viewed in isolation, might be appropriate in light of the total sentence imposed for multiple crimes. The converse would appear true as well. The sentence that might appear too lenient when viewed in isolation, might be appropriate as part of a composite sentence imposed for multiple crimes for which the defendant is simultaneously sentenced. *See Larson v. State*, 688 P.2d 592, 599 (Alaska App.1984). When a trial court is sentencing a defendant who has committed other offenses similar to those for which he or she is being

sentenced, it is likely that the court will impose a greater sentence than if only a single offense had been committed. This is particularly true when a defendant is being simultaneously sentenced for multiple convictions. Regardless of the trial court's decision to sentence consecutively or concurrently, however, the total sentence must reflect the totality of the defendant's conduct considered in light of his or her background and experience, and measured against the standards of rehabilitation, deterrence of self and others, and affirmation of community norms. In addition, where a defendant has manifested by his or her conduct substantial resistance to deterrence and rehabilitation, the trial court may also consider isolation. *See, e.g., State v. Chaney,* 477 P.2d at 444.

■ We note that in *Pears v. State,* 698 P.2d 1198 (Alaska 1985), the supreme court evaluated the totality of the defendant's conduct and measured it against sentences imposed upon similar individuals convicted of similar offenses in determining that the trial court had imposed too severe a sentence. *Pears* involved two separate sentences for negligent homicide involving two separate victims. The sentences were imposed concurrently. Consequently, we are not prepared to hold that under AS 12.55.-025(e) and (g), a court may ignore *Austin* and *Pears* when a first offender is simultaneously sentenced for multiple burglaries. The trial court must still justify the sentence actually imposed by reference to the *Chaney* criteria and by comparing it to sentences imposed on similar individuals committing similar crimes. Nevertheless, Comegys' conviction of two separate burglaries and related thefts, and in addition, his admission of two additional burglaries and related thefts, justifies a greater sentence than would a conviction of an isolated burglary and theft. The sentence actually imposed, while incrementally more severe than a single sentence for a single offense, did not constitute the kind of pyramiding of consecutive sentences criticized in *Andrews,* 707 P.2d at 910, 913.

The sentence of the superior court is AFFIRMED.