**Teresa MOYA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2463.**

Court of Appeals of Alaska.

March 3, 1989.

Nancy J. Nolan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marcia H. Bissell, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Teresa Moya appeals from a sentence of two years' imprisonment imposed upon revocation of Moya's probation for theft in the second degree. We reverse.

Moya was convicted of theft in the second degree in September of 1984. The offense involved Moya's purchase of approximately $3,000 worth of secretarial and photographic equipment for her own use with purchase orders taken from her employer. At the time, Moya was a twenty-four-year-old first offender. Superior Court Judge Victor D. Carlson suspended the imposition of Moya's sentence and placed her on probation for a period of four years.

Moya subsequently failed to pursue psychological treatment or to complete community service, as required by the conditions of her probation. In addition, she was convicted of driving while intoxicated, failure to appear, and driving while license suspended. In May of 1987, while still on probation, Moya was charged with two counts of forgery in the second degree; she subsequently pled no contest to the charges.

Based on her plea to the forgery charges, a probation revocation petition was filed in Moya's 1984 theft case. The probation revocation proceedings were consolidatred with Moya's forgery charges for disposition before Judge Carlson.

As a second felony offender, Moya was subject to a presumptive term of two years for the forgery charges. Judge Carlson found one aggravating factor (that Moya was on probation at the time of the offense) and one mitigating factor (that Moya's conduct was among the least serious in its class) and imposed the two-year presumptive term. Judge Carlson also revoked Moya's probation on the prior theft conviction and imposed a two-year term. The entirety of the two-year term for theft was made consecutive to the forgery sentence.

On appeal, Moya does not challenge the presumptive term she received for forgery but alleges that the two-year sentence imposed upon revocation of her probation for theft is excessive.

When imposing sentence following a probation revocation, the court is obligated to consider the totality of the defendant's conduct in light of the *Chaney*[1] sentencing criteria. *Crouse v. State*, 736 P.2d 783, 786–87 (Alaska App.1987); *Gilbert v. State*, 706 P.2d 345, 347 (Alaska App.1985).

In the present case, the superior court's sentencing remarks were relatively sparse[2] and did not expressly refer to any

---

1. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

2. Judge Carlson's entire sentencing explanation was as follows:

I find you to be a very inconsistent person. You say one thing and you do another. You even say in spite of the evidence that you abided by rules of probation when it's clear you haven't. You drove in a drunken manner, you ran over some utility light pole, and

of the *Chaney* criteria. Nevertheless, ritual incantation of the *Chaney* criteria is not required. *Smith v. State*, 691 P.2d 293, 294 (Alaska App.1984).

The sentencing court expressly stated that its sentence on the original theft charge was based on the totality of Moya's conduct. Moreover, in context, it is apparent that the court took a dim view of Moya's credibility, that it perceived her prospects for rehabilitation to be relatively poor, and that it therefore imposed a sentence designed to emphasize the goals of deterrence, community condemnation, and isolation. Considering the record as a whole, the two-year term Moya received for her original theft conviction is not clearly mistaken.

■ We must separately consider whether the superior court was justified in imposing the entirety of Moya's two-year sentence for theft to run consecutively to her two-year presumptive term for forgery. When revocation of probation is based on the commission of a new crime and the defendant is simultaneously sentenced for both the previous and more recent offenses, the imposition of some consecutive time will frequently be justified. In such cases, however, the court must consider the appropriateness of its sentencing decision as a whole: in addition to deciding whether there is good cause for the imposition of some period of consecutive time, the court must specifically determine that the composite sentence it elects to impose is justified under the totality of the circumstances. *Comegys v. State*, 747 P.2d 554, 558 (Alaska App.1987).

■ Here, the sentencing explanation given by the superior court expressly indicates that the court believed consecutive sentencing to be appropriate, but it contains nothing to indicate whether the court specifically considered the appropriateness of the composite four-year term that resulted from imposing the entirety of Moya's two sentences to run consecutively. The superior court made no findings to support the need for a composite four-year sentence; nor does it appear that a composite term of four years is appropriate for purposes of fulfilling the *Chaney* criteria. Moya's original theft conviction, a class C felony, was her first criminal offense. The offense appears to have been neither particularly aggravated nor particularly mitigated. Moya's more recent forgery conviction, also a class C felony, involved only a small amount of money and was specifically found to be among the least serious in its class. At the time of the sentencing hearing, Moya had never served any substantial period of imprisonment.

Under the circumstances, it does not appear that a four-year unsuspended term would be necessary to deter Moya or other similarly situated offenders, to express community condemnation, or to isolate Moya for the protection of the public. We are particularly concerned because Moya's composite term of four years exceeds by one full year the presumptive term applica-

so on and so forth. Then you steal from people, and you've stolen from people who are close to you. I wonder about your contact with reality. You're bright, you're articulate, you apparently have a good personality, you are able to make friends. But you still engage in criminal conduct, which is a very serious matter, and criminal conduct which—with which society is unwilling to cope. On 84–3320, for theft in the 2nd degree, since I'm now taking into account the person whom you are today when sentence is finally imposed, the sentence is 2 years to serve. Because you violated the conditions of your probation and you committed 87–3866 while on probation, and this wasn't the only—and while on probation, and even though the mitigator has been found, also the aggravator has been found, that you in fact were on proba-

tion supervision while this—when you committed this crime. And it appears to me that somebody who commits a crime while they're on probation supervision should generally be given a consecutive sentence, because it's clear that they haven't benefited from the benefits from probation. And therefore, on each count in 87–3866—excuse me, on the one count in 87–3866, a sentence of 2 years is imposed, consecutive to the sentence in the 84 case. You may appeal this sentence on the basis of its harshness. It's recommended that you be given alcohol and drug abuse counseling while incarcerated, I question of what you are a significant abuser of drugs. I think that the probation officer was accurate and your reaction to his statement certainly is some circumstantial evidence of the accuracy of the probation officer's analysis.

ble to third felony offenders who are convicted of class C felonies. On the record in this case, the imposition of consecutive sentences exceeding the three-year presumptive term for a third felony offender was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Accordingly, this case is REMANDED with directions to amend the judgment by providing that only one year of Moya's probation revocation sentence be served consecutively with her forgery sentence.