**Sergey TIPIKIN, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–7881.

Court of Appeals of Alaska.

March 14, 2003.

James V. Gould, Gorton & Logue, Anchorage, for Appellant.

Joseph D. O'Connell, Assistant Municipal Prosecutor, Anchorage, and William A. Greene, Municipal Attorney, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Sergey Tipikin was convicted of assaulting his stepdaughter, H.T., by slapping her across the face. He also was convicted of disorderly conduct for fighting with his wife, L.T., and of violating probation in two cases. Tipikin was sentenced to 730 days to serve for these offenses. He argues that there was insufficient evidence for the jury to convict him of assaulting H.T. He also argues that his sentence is excessive.

Having reviewed the record, we conclude that there was sufficient evidence for a fairminded jury to find that Tipikin assaulted H.T. Furthermore, Tipikin's composite sentence was not clearly mistaken given his ongoing pattern of domestic violence and his

poor prospects for rehabilitation. We therefore affirm Tipikin's conviction and sentence.

### Facts and proceedings

Tipikin was charged with assaulting his wife, L.T., his stepdaughter, H.T., and his son, S.T., Jr., on May 13, 1999, in the family's Anchorage apartment. The jury convicted Tipikin of assaulting H.T. by slapping her across the face,[1] but acquitted him of the other assault charges. For his conduct involving L.T., the jury convicted Tipikin of the lesser-included offense of disorderly conduct.[2] District Court Judge Peter Ashman sentenced Tipikin to 1 year to serve for these two offenses: the maximum 6–month sentence for disorderly conduct, and 6 months out of a possible 1–year sentence for assault. The court also found that Tipikin had violated probation in two separate cases and imposed 370 days of suspended time. Tipikin thus received a total sentence of 730 days.

### Discussion

*Was there sufficient evidence for the jury to convict Tipikin of assaulting his stepdaughter?*

■ Tipikin argues that there was insufficient evidence to convict him of assaulting his stepdaughter, H.T. He concedes that he slapped H.T. but argues that his conduct was authorized under AS 11.81.430(a)(1) because the slap was "reasonably necessary and appropriate to promote the welfare of the child...."[3]

■ To determine if there is sufficient evidence to support the jury's verdict, we must decide whether there was enough relevant evidence for a fair-minded juror exercising reasonable judgment to find that the Municipality met its burden of proving guilt

beyond a reasonable doubt.[4] In reaching this decision, we view the evidence and the inferences to be drawn from that evidence in the light most favorable to upholding the verdict.[5]

On the day of the assault, twelve-year-old H.T. had two friends, E.M. and A.S., over for a sleepover. While the girls were having a pillow fight in one of the bedrooms, they accidentally knocked Tipikin's eighteen-month-old son, S.T., Jr., off the bed, giving him a bloody nose. L.T., H.T.'s mother, testified that this incident prompted Tipikin to smack H.T. on the back of the head to discipline her for being irresponsible with the baby. But H.T.'s girlfriends testified that the assault occurred later and had nothing to do with this incident. A.S. testified that after Tipikin came out of the bathroom, he slapped H.T. across the face "really hard ... because we were being too loud, I guess." E.M. was in the living room but testified that she heard the smack and saw H.T. run down the hall crying and covering her reddened face. E.M. said A.S. and H.T. told her Tipikin had hit H.T. Tipikin testified that he slapped H.T. outside the bathroom because she was rude and refused to listen. However, all the witnesses testified that Tipikin and L.T. had been fighting and pushing all night. L.T. testified that "it was just basically a whole night of arguing and yelling and ugly words said and it was ... really [a] bad argument."

Tipikin argued to the jury that as a stepparent he was justified in slapping H.T. to discipline her for talking back. The prosecutor countered that Tipikin had no authority to use force to discipline H.T. because L.T., H.T.'s natural parent, had never given him that authority. The prosecutor also argued that Tipikin had slapped H.T. not to disci-

---

1. Anchorage Municipal Code (AMC) 8.10.010(B)(1).

2. AMC 8.30.120(A)(6).

3. AS 11.81.430 provides in relevant part:

    (a) The use of force upon another person that would otherwise constitute an offense is justified under any of the following circumstances:
       (1) When and to the extent reasonably necessary and appropriate to promote the welfare

of the child or incompetent person, a parent, guardian, or other person entrusted with the care and supervision of a child under 18 years of age or an incompetent person may use reasonable and appropriate nondeadly force upon that child or incompetent person.

4. *Collins v. State,* 977 P.2d 741, 747 (Alaska App.1999).

5. *Shafer v. State,* 456 P.2d 466, 469 (Alaska 1969).

pline her, but because he was angry. The court left resolution of these issues to the jury, instructing the jurors that "a parent, guardian, or other person entrusted with the care and supervision of a child" may use reasonable and appropriate force "to the extent reasonably necessary and appropriate to promote the welfare of the child." [6]

The jury rejected Tipikin's justification defense and convicted him of assault. Having reviewed the record, we conclude that there was enough relevant evidence for a fair-minded juror to reasonably find that Tipikin slapped H.T., not because doing so was "reasonably necessary and appropriate" to promote her welfare, but because he was angry. For this reason, we affirm the jury's verdict.

■ As Tipikin points out, the jury might have convicted him because it believed (as the prosecutor argued) that he had no authority to use force to discipline H.T. because H.T.'s mother had never given him that authority. Tipikin asserts, without argument or authority, that this interpretation of the statute is wrong. Moreover, he suggests that the jury must have convicted him based on this faulty interpretation because a reasonable jury could not have concluded that he was unjustified in slapping H.T. unless it found he had no authority to use reasonable and appropriate force to discipline the child.

But Tipikin never asked the district court to rule on this legal issue; nor did he object below to L.T.'s testimony, the prosecutor's argument, or the court's jury instruction.[7] In addition, Tipikin has not briefed this claim on appeal.[8] We therefore do not decide whether, as Tipikin asserts, a stepparent has

independent authority under AS 11.81.430(a)(1) to use reasonable and appropriate force to discipline a stepchild when that authority has not been delegated by the child's natural parent or legal guardian.

*Is Tipikin's sentence excessive?*

■ As noted above, Judge Ashman sentenced Tipikin to 730 days to serve for fourth-degree assault, disorderly conduct, and two violations of probation. Tipikin challenges these individual sentences and his composite sentence. However, when reviewing a composite sentence imposed for two or more criminal convictions, we assess only whether the combined sentence is clearly mistaken given the whole of the defendant's conduct and history.[9] In doing so, we do not require that a specific sentence for a particular offense be individually justifiable as if that one crime were considered in isolation.[10]

Before imposing sentence, Judge Ashman reviewed Tipikin's history of domestic violence, the conduct underlying his current offenses, and his repeated failures at rehabilitation. Tipikin had been convicted of assaulting L.T. twice in 1998 and again in 2000 (after the 1999 convictions in this case). He also had convictions dating back to 1987 for harassing communication, driving while intoxicated, negligent driving, furnishing liquor to a minor, and minor consuming alcohol. Judge Ashman found that L.T. clearly had minimized Tipikin's violence when she testified about the current offenses. Moreover, the offenses occurred in front of the couple's eighteen-month-old

---

**6.** Jury Instruction No. 15 provided:

The use of force upon another person that would otherwise constitute an offense is justified when and to the extent reasonably necessary and appropriate to promote the welfare of the child, a parent, guardian, or other person entrusted with the care and supervision of a child under 18 years of age may use reasonable and appropriate nondeadly force upon that child.

Therefore, unless the Municipality has proven beyond a reasonable doubt that the defendant did not act in these circumstances, you shall find the defendant not guilty.

**7.** *See R.M. v. S.G.*, 13 P.3d 747, 752 (Alaska 2000) (holding that the defendant waived a claim by not objecting below).

**8.** *See State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980) (noting that failure to argue a point constitutes an abandonment of it).

**9.** *Brown v. State*, 12 P.3d 201, 210 (Alaska App. 2000); *Comegys v. State*, 747 P.2d 554, 558–59 (Alaska App.1987).

**10.** *Waters v. State*, 483 P.2d 199, 202 (Alaska 1971); *Jones v. State*, 765 P.2d 107, 109 (Alaska App.1988); *Comegys*, 747 P.2d at 558–59.

son, L.T.'s twelve-year-old daughter, and the daughter's two friends.

Judge Ashman found, based on Tipikin's pattern of domestic violence, his failure at counseling, and his testimony at trial—which revealed his "arrogance, his lack of insight, [and] self-centeredness"—that Tipikin had no intention of taking responsibility for his actions or of changing his violent behavior toward women and children. He noted that Tipikin in his testimony had offered the "classic" batterer's justification for slapping H.T.: she had challenged his authority. He concluded that the *Chaney*[11] criteria of rehabilitation and individual deterrence were not important sentencing goals in Tipikin's case and, instead, emphasized the need to reaffirm societal norms and isolate Tipikin from his victims. We conclude that Judge Ashman's findings are supported by the record and that the composite sentence he imposed for Tipikin's four offenses was not clearly mistaken.[12]

*Conclusion*

Tipikin's conviction and sentence are AFFIRMED.

---

**11.** *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

**12.** *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).