NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| DARIEN LAMAR JETER,<br><br>                Appellant,<br><br>        v.<br><br>STATE OF ALASKA,<br><br>                Appellee. | Court of Appeals No. A-11892<br>Trial Court Nos. 3AN-11-12939 CR<br>& 3AN-12-1443 CR<br><br>O P I N I O N<br>on Rehearing<br><br>No. 2541 — February 17, 2017 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael L. Wolverton, Judge.

Appearances: Jim Corrigan, Assistant Public Advocate, Criminal Defense Section, and Richard Allen, Public Advocate, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee. Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Alaska Public Defender Agency, appearing as *amicus curiae*.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

This case involves a defendant who committed a new crime while he was on probation in two previous criminal cases. The defendant ultimately received one sentence in the new criminal case and separate sentences in the probation revocation proceedings held in the earlier criminal cases. The question is whether the defendant may appeal some of these sentences without appealing all of them.

In our initial opinion in this case, *Jeter v. State*, unpublished, 2015 WL 2453715 (Alaska App. 2015), we declared that, in these situations, we would not review the defendant's individual sentences in isolation. *Id.* at *3. Rather, we would review the defendant's total sentence (the direct sentence for the new crime plus the probation revocation sentences) as one combined whole — and that, when we resolved the defendant's sentence appeal, we would assess that combined sentence in light of the entirety of the defendant's conduct and criminal history. *Ibid.*

We therefore "caution[ed] the defense bar that, in future cases, we [might] decline to hear sentence appeals if the defense does not provide us with the record of *all* the pertinent court proceedings." *Id.* at *2 (emphasis in the original).

After we issued this initial decision, both the Office of Public Advocacy and the Public Defender Agency asked this Court to reconsider, or at least further clarify, what we said about (1) treating a defendant's direct sentence for a new crime and any related probation revocation sentences as a combined whole, and about (2) declining to consider a defendant's appeal of any of these individual sentences unless the defendant furnished this Court with the pertinent record in all of the related cases.

We granted rehearing, we allowed the Public Defender Agency to enter this case as an *amicus curiae,* and we solicited supplemental briefing from the two defense agencies and from the State. Based on our consideration of that supplemental briefing, we now issue this decision amending and clarifying our position on these matters.

*We disavow our earlier suggestion that, when a defendant receives a sentence for a new crime and also receives one or more related probation revocation sentences, these sentences must be evaluated as a unified whole for purposes of sentence review*

This Court has long recognized that when judges sentence defendants for two or more crimes in a single sentencing proceeding, judges "generally do not select particular individual sentences for the defendant's individual crimes. Rather, judges select a composite total, and then they impose individual sentences that add up to that total, often in a fortuitous way." *Richards v. State*, 249 P.3d 303, 307 (Alaska App. 2011). [1]

For this reason, when a defendant is sentenced for two or more crimes in a single proceeding, this Court does not allow the defendant to appeal their sentences for individual crimes as if those sentences had been imposed in isolation. Rather, we evaluate the defendant's composite sentence — the combined amount of active and suspended imprisonment the defendant received — in light of the entirety of the defendant's conduct and background. [2]

But as the parties and the *amicus curiae* point out in their supplemental briefs, there are significant problems in applying this "composite" sentence analysis to situations where a probationer commits a new crime and then receives a sentence for the new crime plus one or more probation revocation sentences (based on their commission of the new crime).

---

[1] *See also Waters v. State*, 483 P.2d 199, 202 (Alaska 1971); *Moore v. State*, 123 P.3d 1081, 1094 (Alaska App. 2005); *Allain v. State*, 810 P.2d 1019, 1022 (Alaska App. 1991); *Comegys v. State*, 747 P.2d 554, 558-59 (Alaska App. 1987).

[2] *Richards*, 249 P.3d at 307, and the cases cited in footnote 1.

Admittedly, there will be times when the same judge imposes both the sentence for the new crime and any related probation revocation sentences, and thus a "composite sentence" approach to sentence review may make sense. But often this will not be the case.

Under Alaska law, a probation revocation proceeding is a continuation of the underlying criminal case,[3] and the revocation proceeding should normally be heard by the same judge who originally sentenced the defendant.[4] Thus, if the defendant commits a new crime, and if the defendant's new criminal case is assigned to a different judge, no single judge will evaluate the defendant's composite sentence. Instead, different judges will evaluate the defendant's behavior and background in different contexts. One judge will perform this analysis for the defendant's new crime, and another judge (or judges) will perform this analysis for the probation revocation proceeding.

The judge who sentences the defendant for the new crime will be assessing the defendant's conduct and the defendant's background within the context of the sentencing range that applies to the defendant's new crime.

But in the probation revocation proceeding, the judge will be evaluating how much (if any) of the defendant's previously suspended jail time to impose in the earlier case. In making that determination, the revocation judge will consider the defendant's new criminal conduct — but only in the context of evaluating the seriousness of the defendant's original offense, the defendant's background, the nature

---

[3] *McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974); *State v. Galbraith*, 199 P.3d 1216, 1218 (Alaska App. 2009).

[4] *Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975); *McRae v. State*, 909 P.2d 1079, 1083 (Alaska App. 1996).

of the defendant's entire conduct while on probation, and the seriousness of the violations that led the court to revoke the defendant's probation. [5]

Because these sentencing evaluations will typically be performed at different times, the first judge will often have little idea what kind of sentence the other judge(s) will impose later. Indeed, the judge who is conducting one sentencing hearing may be unaware that the defendant will face another sentencing in front of a different judge. For example, the agency that prosecuted the defendant for the earlier crime (the crime for which the defendant is on probation) may be waiting to see what kind of sentence the defendant receives for the new crime before that agency decides whether to seek revocation of the defendant's probation.

For these reasons, we disavow the portion of our initial opinion (*Jeter*, 2015 WL 2453715 at *1-2) where we declared that Jeter's sentence for his new crime and his two probation revocation sentences should be viewed as one composite whole for purposes of any sentence appeal. And we disavow our decisions in *Moya v. State*, 769 P.2d 447, 449 (Alaska App. 1989), and *Steve v. State*, 875 P.2d 110, 125-26 (Alaska App. 1994), to the extent that they are inconsistent with the rule we adopt here.

We also modify the portion of our initial opinion (*Jeter*, 2015 WL 2453715 at *2) where we suggested that defendants in this situation — *i.e.*, defendants who receive a direct sentence for a new crime plus one or more probation revocation sentences based on the new crime — must appeal all of their sentences if they wish to challenge any one of them.

As the parties and the *amicus curiae* point out, it will often be true that some of the defendant's sentences are not appealable — either because the term of imprisonment was specified in a plea agreement, or because the term of imprisonment

---

[5] *See Toney v. State*, 785 P.2d 902, 903 (Alaska App. 1990).

imposed at the discretion of the sentencing judge does not exceed 2 years to serve (for a felony) or 120 days to serve (for a misdemeanor). [6]

In addition, there will be times when one of the defendant's sentences is imposed significantly later than the others — meaning that the time for appealing the earlier sentences may have expired by the time the last related sentence is imposed. [7]

Finally, there will be times when the defendant wishes to appeal their sentence for a new crime but the defendant does not yet know whether they will receive an additional term of imprisonment in a probation revocation proceeding.

We therefore disavow our suggestion that defendants who receive a sentence for a new crime plus one or more probation revocation sentences based on the new crime must appeal all of their related sentences if they wish to challenge any one of them.

This is not to say, however, that a defendant's other related sentences are irrelevant. Although the first judge to sentence the defendant will obviously not know what sentences the defendant may receive in other related cases, a judge who *later* sentences the defendant in a related case will know what sentence(s) the defendant has previously received. Those prior sentences may be important to the judge's evaluation of the appropriate sentence in the case pending before them.

Under Alaska law, the sentence that a defendant receives for a new crime and the sentence that the defendant receives in a related probation revocation proceeding must be consecutive. *See* AS 12.55.127(a), as interpreted in *Smith v. State*, 187 P.3d 511, 515, 519-520 (Alaska App. 2008). Because of this requirement of consecutive

---

[6]   *See* Alaska Appellate Rule 215(a)(1).

[7]   *See* Alaska Appellate Rule 215(c) (establishing a 30-day deadline for filing a sentence appeal) and Appellate Rule 521 (declaring that this Court has no authority to accept a sentence appeal that is more than 60 days late).

sentencing, any sentence that has already been imposed on the defendant in a related case may well be pertinent to a later judge's assessment of the appropriate term of imprisonment, or the judge's assessment of the sorts of conditions to place on the defendant's probation. [8]

Normally, if a sentencing judge considers the earlier sentences that the defendant received in related cases, or if the attorneys refer to the defendant's earlier sentences during their arguments to the sentencing judge, this will create a sufficient record for any ensuing sentence appeal — a record sufficient to allow this Court to evaluate the role of those earlier sentences in the sentencing judge's decision. But if, in these circumstances, the parties conclude that this Court needs a fuller record of the earlier sentencing proceedings in order to evaluate the sentence that is the subject of the appeal, the parties may ask this Court to supplement the record on appeal with the pertinent portions of the sentencing proceedings in those earlier related cases.

*Conclusion*

When a defendant who is on probation commits a new crime and receives a sentence for their new crime plus probation revocation sentences based on the same crime, these sentences can be appealed individually. Defendants in this situation need not appeal all of their related sentences if they only wish to appeal one or some of them.

*Moya v. State*, 769 P.2d 447, 449 (Alaska App. 1989), and *Steve v. State*, 875 P.2d 110, 125-26 (Alaska App. 1994), are disavowed to the extent that they declare a different rule.

---

[8]   *See Neal v. State*, 628 P.2d 19, 21 (Alaska 1981); *Haught v. State*, unpublished, 2015 WL 651079, *1-2 (Alaska App. 2015); *Benton v. State*, unpublished, 2001 WL 1299051, *2 (Alaska App. 2001).