Melody J. PRESTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3833.

Supreme Court of Alaska.

Sept. 15, 1978.

Valerie Therrien, Fairbanks, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

After trial by jury, Melody J. Preston was convicted of the offense of receiving and concealing stolen property.[1] The superior court suspended imposition of sentence and placed Preston on probation for three years.[2] Approximately four months into

1. AS 11.20.350 provides, in part:

  *Buying, receiving, or concealing stolen property.* (a) A person who buys, receives, or conceals money, goods, bank notes, or other thing which may be the subject of larceny and which has been taken, embezzled, or stolen from another person; knowing it to have been taken, embezzled or stolen, is upon conviction punishable by a fine of not more than $1000 and by imprisonment for not less than one year nor more than three

years if the property bought, received, or concealed exceeds $250 in value . . . .

2. The superior court's order suspending imposition of sentence also required Preston to pay, within six months, a fine in the amount of $500. Additionally, the court's order required that Preston serve 92 days with credit for time served. The record furnished indicates that Preston had served 92 days at the time the superior court entered its order suspending imposition of sentence.

her probationary period, Preston participated in the burglary of a dwelling, was so charged, and thereafter entered a guilty plea.[3] Preston was subsequently sentenced to serve a term of eight years imprisonment with three years suspended.

Following Preston's indictment for burglary, the state filed a petition for revocation of her probation and imposition of sentence with regard to the receiving and concealing stolen property offense. The petition was granted and Preston was sentenced to serve two years. The sentence was made to run consecutively to Preston's burglary sentence.

In this sentence appeal, Preston asserts that the imposition of a consecutive two year sentence for the crime of receiving stolen property is excessive. In support of her primary contention of excessiveness, Preston has advanced several arguments. She contends that the superior court disregarded rehabilitation in determining its sentence; that it was inappropriate for the superior court to have ordered that the sentence be made to run consecutively to the burglary in a dwelling sentence; and that it was impermissible for the sentencing court to have imposed consecutive sentences where they resulted in a cumulative sentence which exceeded the maximum term of imprisonment authorized for the crime of receiving and concealing stolen property.[4]

■ We have carefully examined all arguments raised by Preston and find them lacking in merit. Our review of the record has convinced us that the superior court did not disregard the sentencing criterion of rehabilitation. Since the crimes in question were unrelated offenses, imposition of consecutive sentences was appropriate. *Thomas v. State,* 566 P.2d 630 (Alaska 1977); *Mutschler v. State,* 560 P.2d 377 (Alaska 1970). Further, in *Thomas* we specifically rejected the contention that consecutive sentences are illegal where their cumulative impact exceeds the statutory maximum for any one of the separate offenses.[5]

■ Preston's most serious contention is that the consecutive sentence imposed for the crime of receiving and concealing stolen property is excessive given the length of the sentence which the superior court handed down upon her conviction for burglary in a dwelling.[6] The merits of the sentence imposed for the burglary in a dwelling offense are not before us in this sentence appeal. Therefore, we deem it inappropriate to address Preston's contentions that the consecutive nature of the superior court's sentence for the offense of receiving and concealing stolen property creates a cumulative sentence which is generally excessive. We note that a sentence appeal has been taken by Preston in the burglary case. Upon submission of this later sentence appeal, the superior court's sentence of eight years with three suspended for the burglary offense will be given careful scrutiny.

The superior court's consecutive sentence of two years imprisonment is Affirmed.

3. AS 11.20.080 provides:
   *Burglary in dwelling house.* A person who breaks and enters a dwelling house with intent to commit a crime in it, or having entered with that intent, breaks a dwelling house or is armed with a dangerous weapon in it, or assaults a person lawfully in it is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years. However, if the burglary is committed at nighttime, it is punishable by imprisonment for not less than one year nor more than 15 years. If a human being is within the dwelling at the time of the burglary during the nighttime or daytime, it is punishable by imprisonment for not less than one year nor more than 20 years.

4. Appellant has also argued that the consecutive sentence is excessive; that the length of the consecutive sentence is contrary to the guidelines enunciated by this court in *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974); and that the superior court should have deemed her a first offender and not considered the burglary offense in sentencing her for the receiving and concealing stolen property offense.

5. In *Thomas v. State,* 566 P.2d 630, 633 (Alaska 1977), we said:
   By authorizing consecutive sentences, AS 11.05.550, in effect, gives the trial court the power to sentence a defendant convicted of multiple crimes to a term of imprisonment longer than the statutory maximum for any one of them. (footnote omitted)

6. The sentence in the burglary case was imposed by superior court Judge Gerald Van Hoomissen.