Gilbert Ralph CUSTER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8634.

Court of Appeals of Alaska.

April 9, 2004.

Jennifer P. Hite, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Windy O. East, Assistant District Attorney, Kotzebue, John R. Vacek, District Attorney, Nome, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Gilbert Ralph Custer appeals the sentence he received when the superior court revoked

his felony probation for the fourth time in case number 2KB–99–276 Cr and sentenced Custer to serve all of his remaining suspended jail time: 38 months. With the imposition of these 38 months' imprisonment, Custer has now been sentenced to a total of 5 years to serve—the maximum sentence—for the offense of third-degree assault.

Custer contends that this sentence violates the sentencing rule announced by this Court in *Austin v. State*[1], and now codified in AS 12.55.125(k)(2): the rule that, in the absence of aggravating factors (as defined in AS 12.55.155(c)) or extraordinary circumstances (as defined in AS 12.55.165), a first felony offender should not receive a term longer than the presumptive term established by the legislature for a second felony offender convicted of the same offense. Custer also contends that his sentence is excessive because, even though his probation has been revoked a total of four times, the conduct underlying these four revocations has not involved serious criminality.

For the reasons explained here, we conclude that the superior court was not clearly mistaken when it imposed the 38–month sentence.

*Facts relating to Custer's two underlying convictions*

Even though Custer has appealed only his sentence in case number 2KB–99–276 Cr, it is impossible to assess the propriety of that sentence without considering Custer's sentence in a companion case, number 2KB–99–367 Cr. Superior Court Judge Richard D. Savell had both of these cases before him when he imposed the sentence that Custer now appeals (the sentence in case 99–276).

In 1999, Custer was convicted of two separate felonies: one count of third-degree assault that arose from an incident in May 1999, and another third-degree assault that arose from an incident one month later. Both crimes involved acts of significant domestic violence that Custer inflicted on L.C., the mother of his child.

In case number 2KB–99–276 Cr, Custer was convicted of third-degree assault for kicking down the door of L.C.'s house, beating her, and then trying to strangle her with a noose that he fashioned from electrical cord. This assault occurred on May 1, 1999.

A month later, on June 2nd, Custer was charged with attempted murder in case number 2KB–99–367 Cr after he again broke into L.C.'s home, stabbed her with a kitchen knife, and then beat her with a piece of firewood. This charge was later reduced to third-degree assault.

On June 27, 2000, Custer was sentenced for both of these felony assaults. In each case (99–276 and 99–367) he received a sentence of 5 years' imprisonment with 4 years suspended—1 year to serve.

Custer denies that he committed either crime. He asserts that L.C. lied about both incidents.

*Custer's criminal history before he committed these two felony assaults*

Before Custer went to prison for these felony assaults, he had accumulated a lengthy history of alcohol-related crimes, both violent and non-violent. Between 1981 and 1998, Custer was convicted of the following misdemeanor offenses:

| Offense | Number of Convictions |
| --- | --- |
| escape | seven |
| fourth-degree weapons misconduct | six |
| fourth-degree assault | four |
| driving while intoxicated | five |
| resisting arrest | three |
| criminal trespass | one |
| criminal mischief (damage to property) | two |
| disorderly conduct | four |

*Custer's conduct while on felony probation*

During the time that Custer was on felony probation, the State filed five petitions to

---

1. 627 P.2d 657, 657–58 (Alaska App.1981).

revoke his probation.

The first petition was filed in February 2001; it alleged that Custer had violated the conditions of his probation by drinking. Custer's blood alcohol level was tested at .190 percent on January 18, 2001 and at .200 percent on February 25, 2001. This first petition was ultimately withdrawn at the request of Custer's probation officer.

The second petition was filed in January 2002. Custer was charged with more drinking, plus the commission of a new offense—second-degree criminal mischief, for spray-painting obscenities on the side of a house. Ultimately, Custer admitted the drinking, the criminal mischief charge was dropped, and the superior court revoked 6 months of Custer's previously suspended jail time.

The third petition was filed in October 2002; it alleged more drinking. Custer admitted this charge, and the superior court revoked another 30 days of Custer's previously suspended jail time.

The fourth petition was filed in December 2002; again, Custer was charged with drinking. This time, Custer was found lying semiconscious in a Fairbanks residence. The owners of the residence discovered Custer in their house when they heard him snoring, and they summoned the police to arrest this uninvited guest. Custer's blood alcohol level was .354 percent. Custer admitted this charge, and the superior court revoked an additional 3 months of Custer's previously suspended jail time.

The fifth petition—the current one—was filed in April 2003. This petition alleged that Custer had been drinking again and that he had refused to submit to a breath test at the request of a police officer. This time, Custer went to trial on the charges. Superior Court Judge Richard D. Savell found that the charges were proved, and he imposed all of Custer's remaining jail time—38 months.

However, to understand Judge Savell's sentencing decision, it is important to know that each time Custer violated the conditions of his probation, the State filed petitions to revoke Custer's probation in *both* of his felony cases (99–276 and 99–367). Thus, this was not only Custer's fourth revocation of probation in case number 99–276, but also his fourth revocation in case number 99–367.

In fact, the Department of Corrections and the District Attorney's Office both urged Judge Savell to impose *all* of Custer's remaining suspended jail time—not only the 38 months that remained in case number 99–276, but also the 44 months that remained in case number 99–367, for a total of 6 years and 10 months.

Judge Savell acknowledged that Custer had a significant record of criminal violations, and that most (if not all) of these violations were related to alcohol. The judge concluded, based on Custer's lengthy record of offenses, that Custer posed a danger to the public when he was intoxicated.

However, Judge Savell hastened to add that he was not sentencing Custer for drinking. Rather, he was sentencing Custer for the two felony assaults that had put Custer in front of the court in the first place. Judge Savell noted that Custer's conduct on probation had not been good. Although Custer had not committed any new felony offenses, he had repeatedly failed to comply with the conditions of his probation and, just as important, he had repeatedly failed to benefit from, or follow up on, alcohol treatment.

Judge Savell then announced:

> *The Court:* I'm not going to revoke all [of Custer's remaining] time [as the probation officer and the prosecutor have advocated], but I'm taking half of it. [And] I'm recommending [that Custer] be classified to ... the [Department of Corrections'] intensive residential inmate [substance abuse] treatment program.

Judge Savell then imposed all of Custer's remaining 38 months in case number 99–276, but the judge imposed only 3 months of Custer's remaining 44 months in case number 99–367. The judge made these two sentences consecutive, for a total of 3 years, 5 months—out of a potential 6 years, 10 months.

*Custer's appeal would normally be dismissed because he failed to appeal both sentences*

As we have just explained, Custer's sentence in case number 99–276 was simply a

component of a composite sentence that Judge Savell imposed when he revoked Custer's probation in both felony assault cases: 99–276 and 99–367.

▮ When a defendant pursues a sentence appeal after the sentencing court has imposed a composite sentence for two or more criminal convictions, this Court assesses whether the defendant's combined sentence is clearly mistaken, given the whole of the defendant's conduct and history.[2] Because the question is whether the combined sentence is justified in light of the entirety of the defendant's conduct and history, the law does not require that a specific sentence imposed for a particular count or offense be individually justifiable as if that one crime were considered in isolation.[3]

▮ For these reasons, an appellate court will not hear a defendant's challenge to a composite sentence unless the defendant has appealed each of the sentences that contributes to the composite total—so that the court can meaningfully evaluate the whole. *See Preston v. State,* 583 P.2d 787, 788 (Alaska 1978).

▮ Custer's case is governed by these rules. His probation was simultaneously revoked in two separate cases, and both the parties and the superior court treated these two cases as a single consolidated case. The prosecutor and the defense attorney did not present separate arguments concerning the two underlying cases. Instead, both they and the superior court perceived that the issue to be decided at Custer's sentencing was how much of Custer's *total* suspended jail time from both cases—6 years, 10 months—should be imposed for his violations of probation.

We have previously recognized that when a sentencing judge faces this type of case, the judge might not individually craft each of the defendant's sentences. Judges are often more concerned with the total sentence that

the defendant should receive rather than the precise amount of imprisonment to be imposed for each separate count.[4] In such circumstances, the fact that the judge imposes a greater sentence on one count and a lesser sentence on another count may be wholly fortuitous.[5]

The record indicates that this was the case with Custer's sentencing. Judge Savell sentenced Custer to 3 years, 2 months to serve in case number 99–276, but only a consecutive 3 months to serve in case number 99–367 (the case that arguably involved the more serious underlying conduct). The judge did not discuss the two cases separately; rather, he announced that he had decided to revoke half of Custer's remaining suspended time. Half of Custer's remaining time was 3 years, 5 months. It appears that Judge Savell chose to achieve this composite sentence through the administrative expedient of revoking all of Custer's remaining time in case number 99–276 (thus ending Custer's probation in that case), then revoking enough jail time in case number 99–367 to reach the total of 3 years, 5 months.

For obvious reasons, Custer has not appealed the imposition of the 3–month sentence in case number 99–367. He has appealed only his 3–year, 2–month sentence in case number 99–276. But it is improper to consider this second sentence in isolation. The question is whether Custer's total sentence of 3 years, 5 months is clearly mistaken, given the whole of Custer's criminal history, his conduct in the two underlying criminal cases, and his subsequent conduct on probation.

This being said, we have concluded that the present record allows us to properly evaluate Custer's composite sentence. His presentence report describes the facts underlying both criminal cases, the same probation revocation petitions were filed in both cases, and a single sentencing hearing was devoted

**2.** *Brown v. State,* 12 P.3d 201, 210 (Alaska App. 2000); *Comegys v. State,* 747 P.2d 554, 558–59 (Alaska App.1987).

**3.** *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971); *Jones v. State,* 765 P.2d 107, 109 (Alaska App.1988); *Comegys,* 747 P.2d at 558–59.

**4.** *See Allain v. State,* 810 P.2d 1019, 1022 (Alaska App.1991).

**5.** *Id.*

to both cases. For these reasons, we conclude that we can properly decide the merits of this case. We will therefore overlook the procedural irregularity in Custer's appeal (*i.e.*, the fact that he has appealed only one of his two sentences).

*Custer's sentence does not violate the Austin rule*

■ Custer has now received a total sentence of 5 years to serve for third-degree assault. This is the maximum sentence that can be imposed for this offense. Custer asserts that this 5-year sentence violates the rule codified in AS 12.55.125(k)(2)—that a first felony offender should normally receive no more time to serve than the presumptive term for a second felony offender convicted of the same offense.

■ But we have held that "when a history of probation violations establishes a person's poor prospects for rehabilitation, that fact may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits." *Chrisman v. State*, 789 P.2d 370, 371 (Alaska App.1990). As we explained in *Chrisman*,

> The relevant question in such cases is whether the totality of the circumstances upon revocation of probation would have justified a sentence in excess of the *Austin* limits if known when the original sentence was imposed. Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class.

*Chrisman*, 789 P.2d at 371.

Here, Custer was convicted of two separate, serious acts of domestic violence. Even though Custer's prior criminal history included literally dozens of offenses, both violent and non-violent, he received relatively lenient sentences for these felony assaults: only 1 year to serve in each case.

It is apparent from Custer's criminal history that he has struggled with alcoholism for at least two decades. It is also apparent that Custer has repeatedly resorted to violence and other anti-social behavior when he is intoxicated. Custer's felony probation was intended to provide him with an avenue for coping with his alcohol problem, but his history on probation has been one relapse after another. Judge Savell could reasonably conclude that Custer would continue to fail at alcohol treatment, and thus continue to pose a danger to the public, unless Custer was in prison and was forced to participate in a treatment program.

For these reasons, we conclude that the facts of Custer's probation violations constituted good cause for a sentence exceeding the normal *Austin* ceiling.

*Custer's composite sentence is not clearly mistaken*

■ Custer contends that his 3-year, 2-month sentence in case number 99–276 is mistakenly severe. But, as we explained above, the real question is whether Custer's composite sentence in both cases—his sentence of 3 years, 5 months—is clearly mistaken, given the whole of Custer's criminal history, the conduct underlying his two felony assault convictions, and his behavior while on probation.[6]

Custer faced revocation of his probation in both of his felony assault cases, and he therefore faced a total of 82 months (6 years, 10 months) of previously suspended jail time, when he appeared in front of Judge Savell for the revocation sentencing hearing on June 9, 2003. Given Custer's two underlying felony offenses, his lengthy list of other offenses, and his repeated failures to cope with his alcohol problem during his felony probation, Judge Savell was not clearly mistaken when he imposed half of Custer's remaining suspended time—3 years, 5 months.

---

6. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).

*Conclusion*

The sentencing decision of the superior court is AFFIRMED.