**Kevin L. PARRISH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9292.**

Court of Appeals of Alaska.

April 7, 2006.

---

**9.** *Delgado v. Fawcett*, 515 P.2d 710, 712 (Alaska 1973).

**10:** *Id.* (quoting *In re Parks' Petition*, 267 Minn. 468, 127 N.W.2d 548, 553 (1964)).

Marvin Hamilton, Assistant Public Defender, Ketchikan, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

James Scott, Assistant District Attorney, and Stephen West, District Attorney, Ketchikan, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Kevin L. Parrish appeals the sentence that he received for felony breath test refusal. He argues that the superior court should have ruled in his favor on two proposed mitigating factors under AS 12.55.155:(d)(9)—that his conduct was among the least serious within the definition of the offense, and (d)(13)—that, throughout his criminal history, the harm he has caused has been consistently minor, and that this minor harm is inconsistent with the imposition of a substantial term of imprisonment.

(Since the time of Parrish's sentencing, these two mitigating factors have been re-numbered "(d)(8)" and "(d)(12)", respectively. *See* SLA 2005, ch. 2, § 19.)

As we explain here, Parrish has failed to present us with a record that allows meaningful review of the superior court's rulings. And, to the extent that the limited record does shed light on the superior court proceedings, it fails to substantiate Parrish's claims of error. Accordingly, we affirm the superior court's decisions.

*The basic situation: Pursuant to a plea agreement, Parrish entered pleas in two different cases, but he has appealed his sentence in only one of these cases, and no presentence report was prepared in that case*

At a single hearing on May 9, 2005, Parrish was sentenced for two felonies: the felony breath test refusal mentioned in the first sentence of this opinion (case number 1KE-05-034 Cr), and a separate charge of felony driving under the influence in case number 1KE-04-922 Cr, based on an earlier incident.

Parrish's underlying conduct in both cases was the same: he was found operating his boat in the waters near Ketchikan while under the influence. Following Parrish's arrest in the 2004 case (1KE-04-922), Parrish submitted to a breath test which showed his blood alcohol level to be .139 percent. Parrish was on release from that 2004 case when he committed the DUI in the 2005 case—*i.e.*, the present case (1KE-05-034). This time, Parrish refused to take the breath test, thus committing the additional offense of breath test refusal.

Parrish apparently had prior convictions for DUI. These prior convictions are not specified in the record before us, but the prosecutor referred to them summarily at the sentencing hearing, and their existence can also be inferred from the fact that all three of Parrish's offenses described in the preceding paragraphs were charged as felonies.

Parrish and the State agreed that these two cases would be resolved by having Parrish plead no contest to the driving under the influence charge in the 2004 case and the breath test refusal charge in the 2005 case. The State agreed to dismiss the 2005 felony DUI charge. In addition, the State agreed not to seek revocation of Parrish's probation from two prior criminal cases in 2003 (1KE-03-267 Cr and 1KE-03-1007 Cr).

Parrish apparently had three prior felony convictions from the State of Washington. Parrish's plea agreement with the State specified that, because of this prior felony record, Parrish faced a presumptive term of 3 years' imprisonment on both the 2004 felony DUI and the 2005 felony breath test

refusal. The plea agreement called for Parrish to receive sentences of 5 years with 2 years suspended (*i.e.*, 3 years to serve) on each of these two felonies. These sentences were to be served concurrently except for the mandatory minimum of 120 days' imprisonment that Parrish faced on each count. Thus, Parrish's total time to serve would be 3 years, 120 days.

*Why we affirm the superior court's ruling on proposed mitigator (d)(13)*

██ Parrish argues that the superior court should have ruled in his favor on proposed mitigator AS 12.55.155(d)(13)—that his criminal history demonstrates that the harm he has caused has been consistently minor, and that this minor harm is inconsistent with the imposition of a substantial term of imprisonment.

Parrish's first legal hurdle is that he has appealed only one of the two felony offenses for which he was sentenced. By so doing, he has failed to present us with a record that is adequate to review his claim of error regarding mitigator (d)(13).

In the past, this Court has declared that when a defendant receives a composite sentence based on criminal convictions in more than one case, we will not review the composite sentence for alleged excessiveness unless the defendant appeals all of the underlying cases. Only then are we assured that we have a sufficient record of the underlying proceedings to adequately appraise the defendant's composite sentence.[1]

Parrish's case presents a similar difficulty. Parrish asserts that the superior court erred when it rejected proposed mitigator (d)(13)— that is, when it rejected Preston's assertion that his history of criminal behavior involves consistently minor harm that is inconsistent with the imposition of a substantial term of imprisonment. Evaluation of this mitigator necessarily entails an evaluation of both the facts of Parrish's present offense and the facts of his prior offenses.[2] The record before us is not adequate for this task.

Because Parrish has not appealed his 2004 felony DUI conviction or sentence, we do not have the record from Parrish's 2004 case. Moreover, after Parrish and the State reached their negotiated settlement of the 2004 and 2005 cases, Parrish waived preparation of a pre-sentence report in the 2005 case—assumedly, because a pre-sentence report was already being prepared for his 2004 case, and because so little time separated the two cases.

The end result is that the record currently before us contains no pre-sentence report and very little discussion of the facts surrounding any of Parrish's prior offenses. As a practical matter, this means that Parrish can not meet his burden of demonstrating that the superior court committed error when it rejected proposed mitigator (d)(13).

██ A party who appeals a trial court's judgement must present the appellate court with a record that is adequate to permit meaningful review of the appellant's claims of error. In the absence of an adequate record, an appellate court will refuse to address the appellant's claims.[3]

The record in this case is inadequate to allow us to meaningfully evaluate Parrish's claim that all of his offenses, past and present, entail consistently minor harm and are inconsistent with the imposition of substantial imprisonment. Or, stating the matter another way, Parrish has failed to provide us with a record that demonstrates that the superior court committed error when the court rejected this proposed mitigator. For these reasons, we affirm the superior court's ruling on mitigator (d)(13).

*Why we affirm the superior court's ruling on proposed mitigator (d)(9)*

██■ Parrish also argues that the superior court should have ruled in his favor on pro-

---

1. *Preston v. State*, 583 P.2d 787, 788 (Alaska 1978); *Custer v. State*, 88 P.3d 545, 549 (Alaska App.2004).

2. *See Jordan v. State*, 895 P.2d 994, 1000 (Alaska App.1995).

3. *Liimatta v. Vest*, 45 P.3d 310, 319 (Alaska 2002); *Adrian v. Adrian*, 838 P.2d 808, 811 & n. 5 (Alaska 1992); *Ketchikan Retail Liquor Dealers v. State*, 602 P.2d 434, 438–39 (Alaska 1979); *McBride v. State*, 368 P.2d 925, 927 n. 11 (Alaska 1962).

posed mitigator AS 12.55.155(d)(9)—that his conduct in committing the offense was among the least serious within the definition of that offense. Here again, Parrish has given us a record that does not address the point he is arguing.

As explained above, the only sentence that Parrish has appealed is the sentence he received for felony breath test refusal. But Parrish's brief does not address the issue of whether his act of refusing the breath test in 2005 was among the least serious conduct within the definition of that particular offense. Indeed, at the sentencing hearing in the superior court, Parrish never argued that his act of refusing to take the breath test was among the least serious within the definition of that offense.

Instead, at the sentencing hearing, Parrish argued that his *other* offense—his act of operating a boat under the influence in 2004—was among the least serious conduct within the definition of DUI:

> *Defense Attorney:* [T]he way [that] I think [the mitigators] apply is that it was a situation where Mr. Parrish was in his boat, and there was no danger to anyone. And apparently he wasn't operating [the boat] in a bad way that caused any problems, but he had consumed the alcohol while he was on probation for [a] previous [conviction]. And so I proffer [mitigators (d)(9) and (d)(13) ].

(This short excerpt constitutes the entirety of Parrish's argument in support of the proposed mitigators. Several minutes later in the hearing, the sentencing judge—Superior Court Judge Trevor N. Stephens—asked Parrish's attorney if he had anything to add regarding the proposed mitigators. The defense attorney answered that he had nothing further.)

This same argument is the one that Parrish renews in his brief to this Court. But Parrish has not appealed the sentence he received for his 2004 offense of felony driving under the influence. Rather, he has appealed only his sentence for felony breath test refusal. Neither Parrish's argument at the sentencing hearing nor Parrish's argument in his brief to this Court addresses the question of whether his act of breath test refusal was among the least serious within the definition of that offense. Indeed, as far as we can tell, Parrish never asked Judge Stephens to rule on this question.

We therefore conclude that Parrish failed to preserve his claim that Judge Stephens should have found mitigator (d)(9) with regard to Parrish's offense of breath test refusal.

Moreover, even if we reached the issue of whether Parrish's 2004 act of driving under the influence was among the least serious within the definition of that offense, we would uphold Judge Stephens's ruling.

As shown by the excerpt of the sentencing hearing that we quoted above, Parrish's sole argument in support of mitigator (d)(9) was that "he wasn't operating [the boat] in a bad way", that he "[had not] caused any problems", and that "there was no danger to anyone". But Judge Stephens disagreed with this characterization of the episode. As the judge explained,

> *The Court:* I can't find [mitigator (d)(9) ] simply because [Parrish] was operating a boat [rather than a car].... [T]he legislature has said that ... operating a boat under the influence is the same offense, and subject to the same penalties, as operating a motor vehicle—a car or van or anything like that—[under the influence].
>
> Beyond that, [the conduct that] brought Mr. Parrish to the attention of the authorities [in both the 2004 and the 2005 cases] was [that] he was running his boat without its lights on at night.
>
> He was on felony release when he committed the 2005 offense, [and] he was on conditions of release when he committed the 2004 offense—which aggravates [both] offenses, in my view. [Moreover,] in the ... 2004 [case, his blood alcohol level] was .139 [percent], which is ... not extremely high, but it's almost .06 above the legal limit.
>
> So [Parrish's conduct] is not among the least serious.

As we explained above, we have no presentence report to elucidate the facts of Parrish's offense. As a practical matter, the

lack of a pre-sentence report (or other equivalent record) means that Parrish has failed to demonstrate that Judge Stephens's view of the case was mistaken. Thus, even if we reached Parrish's claim that mitigator (d)(9) applied to his 2004 act of driving under the influence, we would uphold Judge Stephens's ruling on this mitigator.

*Conclusion*

The judgement of the superior court is AFFIRMED.