Todd E. RICHARDS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10570.

Court of Appeals of Alaska.

March 4, 2011.

---

Jane B. Martinez, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

MANNHEIMER, Judge.

Todd E. Richards appeals his convictions for third-degree assault (placing another person in fear of imminent serious injury by means of a dangerous instrument) and fourth-degree criminal mischief (unlawfully damaging the property of another in an amount of at least $50).[1] Richards asserts that the evidence presented at his trial is insufficient to support the jury's verdicts. Richards also asserts that the 18–month composite sentence he received for these two crimes is excessive.

With regard to Richards's merit appeal (that is, his attack on his convictions), we conclude that the evidence is sufficient to support the jury's verdicts, and we therefore affirm Richards's convictions for third-degree assault and fourth-degree criminal mischief. With regard to the sentence appeal, however, we conclude that we do not have jurisdiction to review Richards's sentence, and we therefore refer that issue to the supreme court.

*The sufficiency of the evidence to support Richards's convictions for third-degree assault and fourth-degree criminal mischief*

When a defendant claims that the evidence is insufficient to support a criminal conviction, we must view the evidence (and

---

1. AS 11.41.220(a)(1)(A) and AS 11.46.484(a)(1), respectively.

all reasonable inferences to be drawn from that evidence) in the light most favorable to upholding the verdict.[2] Accordingly, we now present the facts of Richards's case in that light:

On October 12, 2008, Richards and his wife Lorinda got into a fight after an evening of heavy drinking. Lorinda testified that Richards attacked her, wrestled her to the floor of their RV, and punched her in the eye. At some point during this altercation, Lorinda offered to leave, and she started gathering her possessions. When she asked Richards's son Travis to help her, Richards became enraged. Richards shoved her out the door and proceeded to throw her belongings outside, onto the ground.

Lorinda began loading her belongings into her car. As she was putting the last of her things into the car, Richards stormed out of the RV and said, "I'll show you, you fucking bitch." Lorinda threw the remainder of her possessions into the car, got into the driver's seat, and turned on the headlights. In the light of the headlights, she saw Richards coming toward her, carrying a splitting maul.[3]

Richards threw the splitting maul at his wife's car. The maul smashed completely through the windshield, landing in the passenger's seat next to Lorinda. In a panic, and believing that her husband was trying to kill her, Lorinda floored the accelerator— even though she was barely able to see through the damaged windshield. The vehicle struck Richards, apparently with a glancing blow, and then Lorinda drove away from the property.

Lorinda drove to the local Tesoro gas station and asked the store clerk to call the police for her. The Tesoro store clerk testified that Lorinda was crying and "very distraught". He observed that her windshield had a large vertical crack in it, and that there was a maul on the passenger's seat. When the store clerk asked Lorinda for more information before he called the police, she told

him that her husband had thrown the maul through the windshield.

The recording of the 911 call from the gas station was played into evidence at Richards's trial. During this call, a hysterical Lorinda can be heard saying that Richards threw an axe through her windshield, that he tried to kill her, and that she had glass in her eye and in her boots. Lorinda was also concerned that Richards might be injured, because she had hit him with her car.

While this 911 call was in progress, one of the 911 operators called Richards's cell phone number to determine if he was in need of medical assistance. Richards repeatedly told the 911 operator that he was fine and that he did not need medical attention. Specifically, Richards stated, "We're fine; me and Travis are fine. Lorinda is gone, so it's all good." The 911 operator responded, "We're concerned about you being injured or something," to which Richards replied, "No, there's no—nothing like that.... [I'm] just cleaning up the place and getting ready for bed."

Sergeant Warren Bates, one of the police officers who responded to the 911 call, described Lorinda as "very distraught"; he testified that Lorinda told him that her husband had tried to kill her by throwing an axe through the windshield. Immediately after speaking to Lorinda, Sergeant Bates went to the Richards residence to investigate. Bates repeatedly knocked on the door of the RV, but no one answered.

Over the next month, Bates made several attempts to contact either Richards or his son Travis. Bates finally succeeded in interviewing Richards about a month after the incident. Richards told Bates that he was so drunk on the night in question that he had no memory of what happened.

This evidence, if believed, is sufficient to support the jury's verdicts on the assault and criminal mischief charges.

It is true that Richards and his son Travis took the stand at Richards's trial and offered

---

**2.** See, e.g., Rantala v. State, 216 P.3d 550, 562 (Alaska App.2009).

**3.** A splitting maul is a hand tool used for splitting wood. One side of its head is shaped like an axe (for penetrating the wood), while the other side of its head is flat like a sledgehammer.

a substantially different, exculpatory account of the events of that night. However, as explained above, when a defendant claims that the evidence is insufficient to support a criminal conviction, an appellate court must decide that claim by viewing the evidence in the light most favorable to the jury's verdict, even though contrary evidence may have been presented at trial. Viewing the trial evidence in that manner, it was sufficient to support Richards's convictions.

*Richards's sentence appeal*

■ Richards argues that his sentence for these two crimes is excessive.

As a first felony offender, Richards faced a presumptive sentencing range of 0 to 2 years' imprisonment for his third-degree assault conviction.[4] Superior Court Judge Patricia Collins sentenced Richards to a term of 24 months with 12 months suspended (*i.e.*, 12 months to serve). Richards faced a sentence of up to 1 year's imprisonment for his fourth-degree criminal mischief conviction.[5] Judge Collins sentenced Richards to a term of 12 months with 6 months suspended (*i.e.*, 6 months to serve). Judge Collins made the time-to-serve components of these two sentences concurrent, and the suspended time consecutive. Thus, Richards's composite sentence is 12 months to serve, with an additional 18 months suspended.

This Court has the authority to review a misdemeanor sentence that exceeds 120 days to serve. *See* AS 12.55.120(a) and AS 22.07.020(b). Thus, if Richards had been convicted of fourth-degree criminal mischief alone, and had been sentenced to the same 6 months to serve, we would have the authority to review his sentence.

But Richards's sentence for the felony offense of third-degree assault is only 12 months to serve. Under AS 12.55.120(a), a defendant has no right to appeal a felony sentence unless that sentence exceeds 2 years to serve—and, under AS 22.07.020(b), this Court has no jurisdiction to review a felony sentence unless that sentence exceeds

2 years to serve. Moreover, Richards's 12-month sentence is within the applicable presumptive sentencing range for a first felony offender convicted of third-degree assault. For this additional reason, Richards has no right to appeal his felony sentence, and this Court has no jurisdiction to review it. *See* AS 12.55.120(e) and AS 22.07.020(b).

■ It is true that the State has not opposed Richards's sentence appeal on these grounds (*i.e.*, Richards's lack of entitlement to pursue an appeal, and this Court's lack of jurisdiction to entertain the appeal). But when an appellate court perceives a potential flaw in its subject-matter jurisdiction, the court is required to address and resolve this jurisdictional issue before moving forward. *See Robertson v. Riplett*, 194 P.3d 382, 386 (Alaska 2008): "Subject matter jurisdiction ... may be raised at any stage of the litigation and[,] if noticed [by the court,] must be raised by the court if not raised by the parties." (Quoting *Stone v. Stone*, 647 P.2d 582, 584 n. 1 (Alaska 1982).) *See also O'Link v. O'Link*, 632 P.2d 225, 226 n. 2 (Alaska 1981); Alaska Civil Rule 12(h)(3).

(The corresponding federal law is the same: if a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action, even if the parties have not raised this issue. *See Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir.1979): "[A] federal court, including a court of appeals, must raise the issue [of subject-matter jurisdiction] on its own motion where the parties fail to bring it to the court's attention.")

The problem in the present case is that Richards asks us to review his composite sentence for excessiveness, but only one of his two sentences falls within our jurisdiction. As explained above, we have jurisdiction to review Richards's misdemeanor sentence, but not his felony sentence. Indeed, we would have no felony sentence appeal jurisdiction in Richards's case even if we focused on the composite sentence that Richards received

---

4. Third-degree assault is a class C felony; *see* AS 11.41.220(e). The presumptive sentencing ranges for class C felonies are specified in AS 12.55.125(e).

5. Fourth-degree criminal mischief is a class A misdemeanor; *see* AS 11.46.484(b). The maximum sentence for a class A misdemeanor is 1 year's imprisonment; AS 12.55.135(a).

for both offenses. As we explained above, Judge Collins imposed Richards's active terms of imprisonment concurrently; thus, Richards's composite sentence is the same 12 months to serve that he received for his felony conviction. This sentence does not exceed 2 years to serve, and it falls within the applicable presumptive range for Richards's felony offense (0 to 2 years).

The remaining question is whether we should proceed to decide the misdemeanor portion of Richards's sentence appeal (*i.e.*, the portion over which we have subject-matter jurisdiction). We conclude that we should not.

Both the Alaska Supreme Court and this Court have repeatedly held that when a defendant is sentenced for two or more offenses, Alaska law does not require that each of the defendant's separate sentences be individually justifiable under the *Chaney* sentencing criteria,[6] as if that sentence had been imposed in isolation. Rather, the question is whether the defendant's *combined* sentence is justified in light of the *entirety* of the defendant's conduct and history.[7]

Because of this rule, a defendant is not allowed to pursue a sentence appeal that attacks only a single sentence, or only isolated sentences, from among the entirety of the sentences imposed. An appellate court will not hear a defendant's sentence appeal in a case involving multiple offenses unless the defendant has appealed each of the sentences that contributes to the composite total—so that the court can meaningfully evaluate the whole.[8]

There is, moreover, a substantial possibility that our jurisdiction to review Richards's misdemeanor sentence arises from mere happenstance. As this Court has repeatedly observed, trial court judges who are sentenc-ing offenders for multiple crimes generally do not select particular individual sentences for the defendant's individual crimes. Rather, judges select a composite total, and then they impose individual sentences that add up to that total, often in a fortuitous way.[9]

In Richards's case, Judge Collins imposed a composite 12 months to serve—comprised of 12 months to serve for the felony and a concurrent 6 months to serve for the misdemeanor. But Judge Collins might just as easily have given Richards only a concurrent 3 months to serve for the misdemeanor—in which case, we would clearly lack jurisdiction to review either of Richards's sentences.

Because Richards would not be entitled to appeal his misdemeanor sentence in isolation, and because the propriety of Richards's sentence must be assessed in light of the totality of his conduct and background, we conclude that we should not review Richards's misdemeanor sentence when we have no jurisdiction to review his accompanying felony sentence. Instead, we refer Richards's case to the Alaska Supreme Court under Appellate Rule 215(k).

That is, Richards's attack on his composite sentence must be deemed a petition for discretionary sentence review, and that petition must be decided by the supreme court under Appellate Rules 215(a) and 403(h).

*Conclusion*

Richards's convictions for third-degree assault and fourth-degree criminal mischief are AFFIRMED, but we lack jurisdiction to decide whether his sentence for these crimes is excessive. That matter is referred to the supreme court.

---

6. The sentencing goals were first enunciated in *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970), and are now codified in AS 12.55.005.

7. *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971); *Custer v. State,* 88 P.3d 545, 549 (Alaska App.2004); *Jones v. State,* 765 P.2d 107, 109 (Alaska App.1988); *Comegys v. State,* 747 P.2d 554, 558–59 (Alaska App.1987).

8. *Custer,* 88 P.3d at 549; *Preston v. State,* 583 P.2d 787, 788 (Alaska 1978).

9. *See Billum v. State,* 151 P.3d 507, 509–510 (Alaska App.2006); *Moore v. State,* 123 P.3d 1081, 1093–94 (Alaska App.2005); *Allain v. State,* 810 P.2d 1019, 1022 (Alaska App.1991).