**Robert DONLUN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2438.**

Supreme Court of Alaska.

May 24, 1976.

Mark A. Weaver, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

RABINOWITZ, Justice.

In *Donlun v. State,* 527 P.2d 472 (Alaska 1974), we held that the superior court erred when it imposed a maximum sentence of 10 years, with 4 suspended, upon Robert Donlun's conviction of the crime of burglary in a dwelling.[1] The primary issue in Donlun's first appeal centered on the applicability of AS 11.20.080 to the sentencing proceedings which culminated in Donlun's receiving a 10-year sentence. Recognizing that AS 11.20.080 provided for a range of sentences which in turn were dependent upon the existence of particular aggravating facts set forth in the statute, we held that the maximum sentence prescribed by the aggravated circumstances may not be considered by the sentencing court unless such circumstances are set forth in the indictment, information, or complaint, and proven at trial.[2]

Review of the sentencing proceedings in Donlun's first appeal led us to the conclusion that the superior court believed that the 20-year maximum sentence instead of the 10-year maximum sentence was applicable. In light of this circumstance, we said:

> The fact that the sentence did not exceed the maximum allowed for burglary of an unoccupied dwelling not at night —10 years—is of no consequence, for if the sentencing court had believed 10 years, rather than 20 years, to be the maximum possible sentence, it might well have imposed a more lenient sentence. We therefore believe that appellant should be resentenced.[3]

Upon remand Donlun was sentenced to a term of 5 years, with provisions that he not be eligible for parole until he serves one-third of his sentence,[4] and that he be ineligible for work furloughs during his incarceration. This second sentence appeal followed.

The gist of Donlun's instant appeal is that the superior court based its revised 5-year sentence "upon speculations and inferences which are unsupported by the record." As a consequence of the superior court's consideration of such irrelevant and, in the appellant's view, prejudicial matters, Donlun requests that the 5-year sentence be reversed and he be resentenced

---

1. The salient facts of Donlun's background relevant to sentencing were set forth in that opinion. We briefly reiterate them as background information helpful in understanding our resolution of this appeal. At the time of sentencing Donlun was a 21-year-old Native youth who lived with his mother in the S & S Apartments in Anchorage. The burglary was Donlun's first felony conviction. His only other convictions involved two traffic-related cases. When confronted by his accusers, Donlun voluntarily returned the stolen property and admitted the crime. He had a history of alcohol abuse since age 12, and at the time of trial, he was reported to be making excellent progress in an alcohol treatment program and demonstrated a willingness to continue.

2. AS 11.20.080 establishes three ranges of sentences: 1 to 10 years for a simple burglary in a dwelling, 1 to 15 years if the burglary occurred at night, and 1 to 20 years if the burglarized dwelling was occupied at the time of the offense.

3. *Donlun v. State,* 527 P.2d 472, 474 (Alaska 1974) (footnote omitted).

4. *See* AS 33.15.230.

by a tribunal which is capable of impartially determining an appropriate sentence.

Examination of the record of the sentencing proceedings which were held subsequent to this court's remand shows that the sentencing judge placed substantial emphasis upon the circumstance that Donlun had not been regularly employed at the time he was arrested. From this fact the superior court expressly inferred that Donlun had committed other crimes and that his apprehension for the crime of burglary in a dwelling was merely the first time Donlun had been caught. More particularly, the record discloses that the sentencing judge stated:

Also another thing I considered, I think the presentence report indicated that there was no means of support this man showed for pre—time prior to his committing this crime. So putting everything together indicated that this was the first time he was caught . . . .

At a subsequent point in his sentencing remarks, the superior court judge further elaborated on this theme in the following manner:

I think the defendant's lifestyle was shown to me during the trial as well as during the sentencing and presentence report that his lifestyle was one that he just was a leech on society living off of it somehow or other, probably illegally and he was convicted of this one. . . .

. . .

■ In our opinion the foregoing remarks, in and of themselves, so tainted the sentencing proceeding in question that the relief Donlun has requested should be granted. For here the sentencing court in essence accused Donlun of perpetrating unspecified crimes and sentenced him, at least partially, on the basis of these assumptions. Nothing in either the record of Donlun's trial, the presentence report, or the sentencing proceedings warrants the inference that the sentencing court drew from the fact of Donlun's unemployment.[5] We are not implying that the fact of whether or not one is industrious may not be considered in the sentencing process, but mere unemployment is not a basis for an assumption that other crimes have been committed by a defendant in the absence of affirmative evidence. One can have a socially unproductive lifestyle and yet not take from society in an illegal or criminal manner. In past decisions we have condemned reliance by the sentencing court on such impermissible considerations. *Mattern v. State,* 500 P.2d 228, 234–35 (Alaska 1972); *Galaktionoff v. State,* 486 P.2d 919, 923–24 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 202–03 (Alaska 1971).

■ One additional facet of the case requires our consideration. As we noted previously, the sentencing court provided as part of its judgment and commitment that Donlun was to be ineligible for participation in work furlough programs.[6] We fail to discern the basis for the superior court's determination. Work furloughs are one method of altering for the better a defendant's lifestyle, one of the sentencing goals enunciated by the trial judge, yet no reason was given as to why this device was made unavailable to Donlun in the case at bar. Absent a factual basis for the superior court's order prohibiting work furloughs, we conclude that this portion of the trial court's sentence was erroneous.

The case is remanded to the superior court with directions to the presiding superior court judge of the Third Judicial Dis-

---

5. At the sentencing proceedings held upon remand, Donlun's counsel alluded several times to Donlun's negative lifestyle. Nothing in counsel's remarks can be viewed as an admission that the 20-year-old Donlun supported himself by a life of crime or that he took from society in an illegal manner.

6. AS 33.30.250(a) authorizes the Commissioner of the Department of Health and Social Services to permit a prisoner to participate in work furloughs " . . . unless the court at the time of sentencing has ordered that the person not be granted work furloughs."

trict to set the matter for resentencing before a different superior court judge.[7]

Reversed and remanded for further sentencing proceedings.[8]

ERWIN, Justice concurring.

Although I agree with the majority's conclusion that this matter be remanded for resentencing, my reasons differ from those stated by the majority. It is my opinion that a five-year sentence is excessive under the circumstances.

The facts surrounding the burglary conviction disclose that Donlun entered a sleeping neighbor's apartment through a door which had been left partially open for ventilation. From the apartment Donlun removed a portable television set, an iron, two cigarette lighters, and some cash. When subsequently confronted with a demand for return of the property, Donlun produced everything but the cash and admitted it was he who had taken the property.

The presentence report indicates that Donlun was 21 years old at the time of the offense. His only previous encounters with the law consisted of two traffic-related cases.

Although Donlun has had a history of alcohol abuse since age 12, our previous opinion in this matter noted "that at the time of the trial, appellant was reported to be making excellent progress in an alcoholic treatment program, and demonstrated a willingness to continue."[1]

Also noteworthy in my mind is the fact that at the presentencing proceeding, additional evidence was presented to the lower court by a counselor and officer of the State Division of Corrections who had worked with Donlun since the time of his initial incarceration. This person stated that on the basis of his own experience as a counselor and his contact with Donlun at Eagle River, he considered Donlun's conduct and attitude to have improved to the point that probation or parole would be desirable.

I find nothing in the factual circumstances pertaining to Donlun's commission of the offense of burglary, in his previous record, or in the presentence report which supports the imposition of a five-year sentence. In my opinion the trial court was clearly mistaken in imposing the sentence it did.

Although the majority finds that the trial court's sentence was erroneous with respect to the denial of work furlough for Donlun, I consider that aspect of the sentence worthy of some comment.

In our previous opinion we noted that Donlum dropped out of school at age fifteen and had failed to maintain steady employment thereafter. It is highly unlikely then, that Donlun has acquired work skills which will enable him to obtain gainful employment upon his return to the community. In light of this, it is my opinion that Donlun was a perfect candidate for a work release program, which would provide him with a livelihood upon his release from prison. To deny Donlun this opportunity seems counterproductive and without justification. As this court recently observed:

> If nothing more than selfish interest compels us, then the principle of "reformation" enunciated in our state constitution is worth the effort, for when it works, it reduces crime.[2]

---

7. In *State v. Chaney*, 477 P.2d 441, 443 (Alaska 1970), we said that one of the general objectives of sentence review is

   . . . to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process . . . .

   Careful review of the record has led us to the conclusion that resentencing before a different superior court judge will best effectuate these objectives in the instant case.

8. Our disposition makes it unnecessary to decide any other issues to be raised in this appeal.

1. *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974).

2. *Cleary v. State*, 548 P.2d 952 (Alaska 1976).

BURKE, Justice (concurring).

As first stated in *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970), in reviewing criminal sentences,

> [I]t is our duty to examine the proceedings below to review for excessiveness or leniency the sentence imposed by the trial court, in light of the nature of the crime, the defendant's character, and the need for protecting the public. We are also obliged to consider the manner in which the sentence was imposed, including the sufficiency and accuracy of the information upon which it was based. (footnote omitted)

Here, the record demonstrates that the sentencing judge inferred that Donlun had probably committed other crimes from the simple fact that he had been unemployed for some time. I agree that such an inference was entirely improper for purposes of imposing a criminal sentence, and that we are required to remand this case for a new sentence hearing. While Donlun may well deserve the very sentence that he received, he is entitled to have that sentence imposed on the basis of properly verified information rather than idle speculation having no logical basis or support in the evidence.

On the issue of Donlun's eligibility for work release privileges, I express no opinion, as it appears to me that the resolution of that issue is no longer necessary.