Ezias LOOLA, Appellant,

v.

STATE of Alaska, Appellee.

No. 4858.

Supreme Court of Alaska.

March 21, 1980.

Jane F. Kauvar, Asst. Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

Appellant was convicted of assault with a dangerous weapon[1] (count I) and aggravated assault (count II).[2] He was sentenced to a ten year term of imprisonment on count I. The execution of a five year portion of that sentence was suspended.[3] On count II, aggravated assault, appellant was sentenced to a consecutive five year term.[4] In this appeal, appellant challenges the superior court's imposition of consecutive sentences.

The state concedes that the superior court erred in imposing multiple sentences, citing our holding in *Whitton v. State*, 479 P.2d 302 (Alaska 1970),[5] but urges us to remand the case, stating: "It appears that it was the Superior Court's intention to sentence appellant to ten years incarceration and as a mistake occurred in its sentencing appel-

lant to consecutive sentences, it would be appropriate to remand the above-entitled case for resentencing." Presumably, this would be for the purpose of allowing the court to amend its sentence on count I, to require a longer term of imprisonment.

Appellant did not appeal the sentence imposed on count I. Thus, we believe that any increase in the sentence imposed on that count would violate the double jeopardy provisions of the state and federal constitutions. *Shagloak v. State*, 582 P.2d 1034 (Alaska 1978); *Huff v. State*, 568 P.2d 1014, 1016 (Alaska 1977); *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971). *See also* AS 12.-55.120.

REVERSED and REMANDED for entry of an amended judgment.

---

1. AS 11.15.220 provides:
   *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both.

2. AS 11.15.225 provides:
   *Aggravated assault.* (a) A person who unlawfully assaults another, or who unlawfully strikes or wounds another, and causes great bodily injury, is guilty of aggravated assault. Upon conviction, a person guilty of aggravated assault is punishable by imprisonment for not less than six months nor more than five years, or by a fine of not less than $100 nor more than $1,000, or by both.
   (b) Under this section, "great bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any body member or organ.

3. AS 12.55.080 provides:
   *Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and

place the defendant on probation for a period and upon the terms and conditions as the court considers best.

4. AS 11.05.050 provides:
   *Consecutive sentences.* If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one conviction begins at the expiration of the imprisonment for any other of the crimes. If the defendant is imprisoned upon a previous judgment on a conviction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

5. In *Whitton* we held that the imposition of multiple sentences violates the double jeopardy provisions of the state and federal constitutions where "the differences between . . . two [statutory] offenses must be deemed insubstantial or insignificant in relation to the societal interests involved." 479 P.2d at 314. We further held that "[w]here two sentences are imposed for the same offense, *even though they are for the same period of time and are to run concurrently*, the constitutional prohibition against double jeopardy has been violated." *Id.* (Emphasis added.) Appellant argues, and the state apparently concedes, that the two crimes committed by appellant constituted the same offense for purposes of double jeopardy. Thus, the court erred in imposing a separate sentence on count II.