Robert L. DENTLER, Appellant,

v.

STATE of Alaska, Appellee.

No. 7248.

Court of Appeals of Alaska.

April 29, 1983.

Geoffry B. Wildridge, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Thomas A. Miller, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

On October 4, 1982, Robert Dentler was convicted upon his no contest plea of selling subsistence-caught salmon roe. When imposing sentence Judge Gerald Van Hoomissen stated:

So it'll be the judgment of the court that you be committed... for a period of five days—10 days and that you pay a fine of $1,000.00; that you be placed on probation for a period of two years.

After a short discussion about when it would be convenient for Dentler to report to the correctional institution, Dentler's counsel Geoffry Wildridge asked Judge Van Hoomissen: "Did Your Honor suspend anything?" The following exchange ensued:

THE COURT: No. I suspend—not on the fine, no.

MR. WILDRIDGE: Or on the jail time?

THE COURT: No.

MR. WILDRIDGE: You put him on two years' probation. I just wondered if there's anything hanging over his head or...

THE COURT: Yeah, there's—well, I'm not—this gives me a problem. The maximum fine—the maximum sentence in this is six months?

MR. WILDRIDGE: That's right.

THE COURT: Well, I guess you'll have to—I guess I'll have to give him—I'll give him 30 days and suspend all but 10 of it for a period of two years. I have some difficulty with that, but I guess it can be done.

MR. WILDRIDGE: Well, Your Honor, I guess maybe that'd raise some double jeopardy problems at this point. I think sentence was probably imposed [when] you said 10 days.

THE COURT: Well, my intention was to give him a period of probation. You can go ahead and raise it, but I can correct an illegal sentence any time

within 60 days, so—yeah. It'll—the sentence will be 30 days with 20 suspended, thousand dollar fine.

Dentler appeals his sentence to this court, contending that Judge Van Hoomissen violated his protection against double jeopardy[1] by imposing the suspended time. We affirm the sentence.

## DISCUSSION

It is clear that " 'once a sentence has been meaningfully imposed, it may not, at a later time, be increased.' An upward modification of a sentence meaningfully imposed would subject criminal defendants to the anxiety and insecurity against which the constitutional prohibition of double jeopardy stands as a safeguard." *Shagloak v. State,* 582 P.2d 1034, 1037 (Alaska 1978) (quoting *Sonnier v. State,* 483 P.2d 1003, 1005 (Alaska 1971)); *see Loola v. State,* 608 P.2d 36, 37 (Alaska 1980). However, we find after reviewing the record that Dentler's sentence had not been meaningfully imposed for double jeopardy purposes when Judge Van Hoomissen imposed the suspended time. The judge's oversight in not imposing suspended time in conjunction with the two-year probation was an obvious error.[2] It would have been illogical not to have imposed some suspended time with the probation. *See Manderson v. State,* 655 P.2d 1320 (Alaska App.1983) (probation period is meaningless without imposition of suspended time); AS 12.55.080. The suspended time would help ensure that Dentler would not violate his probation, and would provide a penalty for the court to impose if it had to revoke his probation. Indeed, the two-year probation without suspended time seemed illogical enough for defense counsel to specifically ask the court if it had imposed any suspended time.

The double jeopardy prohibition was not intended to prevent swift correction of inadvertent sentencing oversights. We note

1. U.S.Const. amend. V; Alaska Const. art. 1, § 9.

2. We do not imply that if the judge had not made an obvious error that the sentence would

necessarily have been meaningfully imposed and that the trial judge could not have corrected the sentence. It is unnecessary for us to decide that issue.

that the judge imposed the suspended time only a few moments after he stated the incomplete sentence, during the same sentencing hearing. Thus, Dentler was not subjected to the "anxiety and insecurity" of a sentence modification occurring minutes, hours or days after the termination of his sentencing hearing. *Cf. Shagloak v. State,* 582 P.2d at 1036 (sentence modified over one month later); *Sonnier v. State,* 483 P.2d at 1003–04 (sentence modified about three hours later).

Accordingly, the sentence is AFFIRMED.