**Clifford L. JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–2482 to A–2484.**

Court of Appeals of Alaska.

Dec. 9, 1988.

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Rhonda Butterfield Roberson, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Clifford Jones was convicted, based upon his plea of no contest, of assault in the second degree, AS 11.41.210(a)(1), a class B felony; assault in the third degree, AS 11.41.220(a)(1), a class C felony; and assault in the fourth degree, AS 11.41.-230(a)(1), a class A misdemeanor. When Jones entered his no contest pleas to the assault charges, the state dismissed two kidnapping charges. Superior Court Judge James A. Hanson sentenced Jones to ten years with four years suspended for assault in the second degree, to five years with one year suspended for assault in the third degree, and to one year for assault in the fourth degree. Judge Hanson imposed these sentences consecutively. Thus, Jones' composite sentence on the assault charges is sixteen years with five years suspended. In addition to the sentences for the assault charges, Jones' probation was revoked on two other felony charges. Jones had formerly been convicted of theft by receiving in the second degree. He had been sentenced to three years with eighteen months suspended. Judge Hanson revoked Jones' probation on this charge and imposed the eighteen months remaining consecutively to the sentences on the assault charges. Jones was also on probation on a felony failure to appear conviction. Jones had originally been sentenced to eighteen months with nine months sus-pended. Judge Hanson revoked Jones' probation and imposed the remaining nine months. This sentence was imposed consecutively to the assault sentences and to the theft sentences. Therefore, Jones' total sentence is eighteen years and three months with five years suspended. Jones appeals his sentences to this court. We affirm.

The assault charges arose out of an incident where Clifford Jones terrorized his wife and stepson for a period of approximately five hours. During this five-hour period, Jones severely beat his wife, V.J., made several threats to kill her, and cut her with a knife. During this period, Jones also beat and threatened his stepson, S.C. In sentencing Jones on the assault charges, Judge Hanson found three aggravating factors. He found that Jones was on probation for another felony conviction at the time of the offense, that the offense involved an assault committed against a spouse or a member of the same social unit, and that Jones' conduct during the commission of the offense manifested deliberate cruelty to another person. AS 12.-55.155(c)(2), (18), and (20). In addition to the theft by receiving conviction and the failure to appear conviction, for which Jones was on probation at the time of these assaults, Jones has a prior felony conviction in West Virginia in 1985 for grand larceny. Jones was sentenced to one year on this offense and served this sentence.

Jones first argues that he could not have properly been convicted for both assault in the second degree and assault in the third degree. These offenses arose from the incident where Jones assaulted his wife. Jones claims that charging him with two counts of assault involving the same victim during a single incident violates double jeopardy. See Whitton v. State, 479 P.2d 302, 312 (Alaska 1970). However, Jones entered his plea as part of an agreement with the state. The state dismissed two kidnapping charges when Jones entered his pleas to the assault charges. Jones engaged in various forms of assaultive behavior toward his wife over a period of approximately five hours. This assaultive conduct could certainly be rea-

sonably analyzed as constituting several distinct assaultive acts. It seems reasonable to us for Jones and the state to organize Jones' assaultive behavior into two separate assault crimes. We see no double jeopardy problem.

■ Jones next contends that Judge Hanson erred in finding that his "conduct during the commission of the offense manifested deliberate cruelty to another person." AS 12.55.155(c)(2). We have previously discussed what conduct constitutes deliberate cruelty. *Komakhuk v. State,* 719 P.2d 1045, 1048 (Alaska App.1986); *Peetook v. State,* 655 P.2d 1308, 1311 (Alaska App.1982); *Pruett v. State,* 742 P.2d 257, 261 (Alaska App.1987). In those cases, we defined deliberate cruelty as conduct which involves gratuitously inflicted torture or violence. The facts of this case fit that definition. As we have previously stated, Jones' assaulted his wife over a period of approximately five hours. During this period, he shoved his wife's face in a bowl of spaghetti, beat her with his fists, held a knife to her throat and told her he was going to cut her up into pieces, held a knife to her ear and cut her ear, threatened and beat her eleven-year-old son, S.C., and urinated on his wife and forced S.C. to lie in the urine. This evidence of Jones' abuse of his wife and stepson over several hours supports Judge Hanson's finding of the aggravating factor that Jones' actions constituted deliberate cruelty.

■ Jones next argues that Judge Hanson erred in imposing a sentence of one year on the assault in the fourth degree conviction. Assault in the fourth degree is a class A misdemeanor, and a sentence of one year is a maximum sentence. Jones argues that a court should impose a maximum sentence only when it can categorize the defendant as a worst offender. *State v. Wortham,* 537 P.2d 1117 (Alaska 1975). Jones at least approaches being a worst offender. At the time of these assaults, Jones had been convicted of three prior felonies and was on probation on two of these prior felonies. In determining whether the sentence for assault in the fourth degree is excessive, we do not look at the sentence on that charge in isolation. The three assault charges arose out of a single incident. The proper question for us to ask is whether the sentence on all the charges, given the totality of the circumstances, was excessive. *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971). We therefore find no merit to Jones' contention that his sentence on the assault in the fourth degree conviction, standing alone, is excessive. That charge does not stand alone. We will analyze whether Jones' total sentence is excessive later in this opinion.

■ Jones argues that Judge Hanson erred in imposing the full nine-month sentence following the revocation of Jones' probation on the felony failure to appear conviction. Jones points out that he formerly had been ordered to pay $2,077.88 in restitution on the failure to appear conviction. He argues that Judge Hanson erred in imposing the nine-month period of time, thus dispensing with the restitution condition. The assault convictions provided substantial grounds for the revocation of Jones' probation on the failure to appear conviction. Given the length of the other sentences which Jones received, and his poor prior performance on probation, it seems highly unlikely that Jones will ever pay restitution. We do not believe that Judge Hanson erred in imposing the full nine-month period when he revoked Jones' probation.

■ Jones next argues that his total sentence is excessive. At the time of these offenses Jones was twenty-nine years old. He had three prior felony convictions and was on probation for two of those prior felonies at the time that he committed these offenses. We have earlier described the offenses. Jones terrorized, threatened, and beat his wife and stepson over a substantial period of time. Given Jones' prior felony record, his failures on probation, and the extreme nature of these offenses, we conclude that the sentence which the trial court imposed was not clearly mistaken.

Jones' sentence is AFFIRMED.