**John N. HUNTER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8868.

Court of Appeals of Alaska.

May 9, 2008.

Allan Beiswenger, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In an earlier decision in this case, we affirmed John N. Hunter's convictions for five counts of first-degree sexual assault and several counts of robbery and assault in connection with the sexual assaults.[1] Hunter also challenged his 95–year composite sentence for these crimes, but we did not resolve his sentence appeal. Instead, we remanded the case to the superior court for resentencing because we found plain error in one aspect of sentencing.[2] The error occurred because the superior court sentenced Hunter as a third felony offender on all of the counts.[3] Because of the timing of Hunter's prior felony convictions, Hunter should have been sentenced as a second felony offender for one of the counts of first-degree robbery and one of the counts of first-degree sexual assault.[4] Accordingly, we vacated the sentence imposed for those two convictions and remanded for re-sentencing.[5]

The superior court has now resentenced Hunter and imposed the same 95–year composite term for five counts of first-degree sexual assault, two counts of first-degree robbery, one count of third-degree assault and one count of second-degree assault.

Hunter argues that the superior court violated the double jeopardy clause when it imposed the same composite term that was originally imposed. We reject this claim because the superior court was authorized to impose a composite term that reflected the totality of Hunter's misconduct. The superior court imposed the composite term by running the presumptive sentence for each individual count consecutively or concurrently, in whole or in part, with other counts. We conclude that the superior court's imposition of the applicable presumptive term for each count on resentencing, together with its specification of which portion of the applicable presumptive term was imposed consecutively or concurrently with other counts, did not violate double jeopardy.

In addition, Hunter again claims that his composite term is excessive. Because we conclude that Hunter's composite term for all his convictions is not clearly mistaken, we affirm Hunter's sentence.[6]

*Facts and proceedings*

Hunter was convicted of offenses related to his attacks on five women over the course of more than five years. The five attacks included a December 1996 assault on M.N., an August 1997 assault on J.J., a December 1998 assault on R.S., a January 2001 assault on J.V., and a January 2002 assault on L.A. We discussed the facts of these incidents in our earlier decision.[7]

Hunter had three prior felony convictions when he was sentenced. He had a 1981 California armed robbery conviction. Second, he had a 1983 Indiana rape conviction. (Hunter was unconditionally discharged from these two convictions on September 28, 1988.) Third, Hunter had an April 2000 Alaska conviction for felony driving while intoxicated. Because of the timing of Hunter's prior felony convictions, Hunter faced a 25–year presumptive term for four counts of first-degree sexual assault[8] and a 15–year presumptive term for the remaining count of first-degree sexual assault[9]; a 15–year presumptive term for one first-degree robbery count[10] and a 10–year presumptive term for

---

1. *Hunter v. State,* Alaska App. Memorandum Opinion and Judgment No. 5259 at 3, 8 (August 22, 2007), 2007 WL 2405208 at *2, *4.

2. *Id.* at 31–36, 2007 WL 2405208 at *16–19.

3. *Id.* at 32, 2007 WL 2405208 at *17.

4. *Id.* at 32–37, 2007 WL 2405208 at *17–19.

5. *Id.* at 36–37, 2007 WL 2405208 at *19.

6. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (holding that an appellate court is to uphold a sentencing decision unless the sentence is clearly mistaken).

7. *Hunter,* Alaska App. Memorandum Opinion and Judgment No. 5259 at 4–8, 2007 WL 2405208 at *2–5.

8. AS 11.41.410(b) and former AS 12.55.125(i)(4).

9. AS 11.41.410(b) and former AS 12.55.125(I)(3).

10. AS 11.41.500(b) and former AS 12.55.125(c)(4).

the second count of first-degree robbery [11]; a 3–year presumptive term on the third-degree assault charge [12]; and a 6–year presumptive term on the second-degree assault charge.[13]

On the five first-degree sexual assault counts, Judge Volland imposed the presumptive term of 25 years' imprisonment for Counts I, II, IV, and V and the presumptive term of 15 years' imprisonment for Count III. He decided that 17 years of Counts II, IV, and V would run consecutively to Count I and to each other. He also decided that the entire 15–year presumptive term for Count III would run consecutively to all the other counts. Judge Volland imposed a 15–year presumptive term for the first-degree robbery charge in Count VII with that term to be served concurrently with the sexual assault terms. He imposed a 10–year presumptive term for the first-degree robbery in Count VI, with 2 years consecutive to Counts I–V and the rest concurrent. He also sentenced Hunter to a presumptive 3–year term on the third-degree assault charge (Count IX) with 6 months of that term consecutive to all previous counts. Finally, he imposed a presumptive 6–year term on the second-degree assault charge (Count X), with 18 months to be served consecutively to the previous counts. This resulted in a composite term of 95 years to serve.[14]

*Discussion*

In our earlier decision, we did not address all the issues Hunter raised because we re-manded the case for resentencing. We now address the remaining claims in the case.

Hunter argued that Judge Volland improperly speculated that Hunter had committed additional uncharged sexual assaults when he sentenced Hunter. Such speculation would violate the decision in *Donlun v. State*.[15] In *Donlun*, the supreme court held that a sentencing court erred when it speculated that the defendant had committed other un-charged crimes, and that the charged crime was simply the first time the defendant had been caught.[16]

We discussed but did not resolve this issue in our earlier decision. Because we remand-ed the case for resentencing, we indicated that Judge Volland could enter additional findings addressing this issue. On remand, Judge Volland clarified the record by indicat-ing he placed no reliance on the potential that Hunter had other unknown victims. With this clarification, it is now explicitly clear that Judge Volland did not rely on the potential that Hunter had other unknown victims. Accordingly, we reject this claim.

■ Next, Hunter argues that on resen-tencing, Judge Volland violated double jeop-ardy by imposing 2 years of the 10–year presumptive term imposed for Count VI con-secutive to the sexual assault counts because he originally imposed the entire presumptive term for this count concurrently. Hunter relies on *Loola v. State*.[17] Loola was convict-ed of one count of assault with a dangerous weapon and one count of aggravated assault arising out of a single incident.[18] The superi-or court imposed sentence on both counts, 10 years with 5 years suspended for assault with a dangerous weapon and a consecutive 5 years for aggravated assault.[19] The State conceded that the counts should have merged under our supreme court's decision in *Whit-*

11. AS 11.41.500(b) and former AS 12.55.125(c)(3).

12. AS 11.41.220(d) and former AS 12.55.125(e)(2).

13. AS 11.41.210(b) and former AS 12.55.125(d)(2).

14. Our first decision described Hunter's compos-ite term as a 94–year term which is the term that is described by the original written judgment. But the written judgment contained a clerical error. The written judgment indicated that only 6 months of Count X was imposed consecutively to the other counts. In fact, Judge Volland's oral pronouncement of sentence imposed 18 months of Count X consecutively to the other counts. This clerical error was discussed at resentencing.

15. 550 P.2d 369 (Alaska 1976).

16. *Id.* at 371.

17. 608 P.2d 36 (Alaska 1980).

18. *Id.* at 37.

19. *Id.*

*ton v. State.*[20]

In *Whitton,* the court held that even though a defendant is found guilty of violating two separate criminal statutes arising out of one criminal episode, double jeopardy requires a sentencing court to impose only one conviction and one sentence if the two crimes are so closely related that there are no significant differences between the conduct proscribed and the societal values protected by each statute.[21] The supreme court ruled that because Loola had not appealed the sentence imposed for assault with a dangerous weapon, the superior court could not increase the sentence originally imposed for that single count, the only count on which the superior court was constitutionally authorized to impose sentence.[22]

That is not the case here. The jury convicted Hunter of nine counts arising out of five separate attacks on five different women. (Hunter has not argued that any of those nine counts merge under *Whitton.*) In sentencing Hunter, Judge Volland understood that he had the authority to impose over 200 years' imprisonment if he imposed consecutive maximum sentences for all nine counts. And he understood that Hunter's composite sentence would exceed 100 years' imprisonment if the judge imposed consecutive unadjusted presumptive terms. Judge Volland understood that the sentence he imposed would result in Hunter remaining in prison for the rest of his life. After reviewing sentencing decisions addressing long composite terms for offenders who were comparable to Hunter, Judge Volland elected to impose a 95–year composite term after considering all the sentencing criteria,[23] Hunter's history, and the crimes for which he was convicted. In the circumstances of this case, resentencing Hunter did not violate his double jeopardy rights.[24]

The parties did not allege any statutory aggravating or mitigating factors, so Judge Volland was required to impose the presumptive term for each count.[25] Because the presumptive terms for the nine counts ranged from 3 to 25 years, there were a vast number of ways that Judge Volland could have imposed the counts consecutively and concurrently to reach the composite term he selected. At Hunter's original sentencing, Judge Volland reached 95 years by imposing each sexual assault presumptive term wholly or partly consecutive to the other sexual assault terms to reach a composite 93 years. He imposed the presumptive terms for the assault counts partially consecutive and partially concurrent to the sexual assault counts to impose an additional consecutive 2 years. The robbery presumptive terms were imposed all concurrent to the composite sexual assault terms.

At Hunter's resentencing, Judge Volland reaffirmed his analysis of Hunter's case and again concluded that a 95–year composite term remained the appropriate sentence. Judge Volland elected not to change the relationship of the presumptive terms he imposed for the seven counts on which Hunter was properly classified as a third felony offender. He decided to impose the presumptive terms on the two counts on which Hunter had to be resentenced as a second felony offender both consecutively and partially concurrently so that the composite term for those two counts, in addition to the composite term for the seven undisturbed counts, resulted in a 95–year composite term.

Although Hunter was resentenced, he remains convicted of the crimes on which the jury found him guilty. Judge Volland's intent to fashion the 95–year composite sentence is clear from his remarks, and that term represents the judge's analysis of the appropriate sentence to impose considering

20. *Id.* (citing *Whitton v. State,* 479 P.2d 302 (Alaska 1970)).

21. *Id.* at 312–13.

22. *Loola,* 608 P.2d at 37.

23. *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970) and AS 12.55.005 (codifying the *Chaney* sentencing criteria).

24. *See, e.g., Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985).

25. *See Smith v. State,* 711 P.2d 561, 567 (Alaska App.1985) (in absence of aggravating or mitigating factors an individual sentencing judge has no discretion to deviate from the presumptive term).

the facts of the case and the sentencing criteria. Furthermore, unlike the appellant in *Loola,* Hunter did not challenge the constitutionality of the superior court's authority to sentence him on any count. Instead, Hunter challenged, as a matter of plain error, the presumptive terms that resulted from his misclassification as a third felony offender and, unlike Loola, argued that his entire term is excessive. We conclude that Hunter's case is distinguishable from *Loola,* and that Hunter's double jeopardy rights were not violated when Judge Volland imposed the same presumptive term at resentencing.

■ We now turn to Hunter's claim that his 95–year term is excessive. Our review of Alaska sentencing cases shows that Hunter's composite term is the longest (among reported cases) for a case not involving a homicide. Judge Volland's remarks show that he reviewed reported cases affirming a defendant's lengthy sentence for sexual assault.

Several decisions of this court are instructive. In *Schuenemann v. State,*[26] *Ross v. State,*[27] and *Adams v. State,*[28] we upheld sentences that were virtually lifetime sentences for mature sexual offenders who demonstrated ingrained and compulsive criminal histories.

In *Schuenemann,* we upheld a composite 69–year term for five counts of first-degree sexual assault, two counts of first-degree attempted sexual assault, and three counts of first-degree burglary.[29] Schuenemann was a second felony offender.[30] In *Ross,* we upheld, for a second felony offender, a composite sentence of 84 years to serve for one count of kidnapping, five counts of first-degree sexual assault, and one count of second-degree sexual assault.[31] In *Adams,* we upheld a composite 60–year term to serve for a third-felony offender who was convicted of one count of first-degree sexual assault and

one count of kidnapping.[32] Also, in *State v. Hodari,*[33] the supreme court upheld Hodari's composite 55–year term for two counts of first-degree sexual assault, one count of first-degree robbery, and one count of second-degree assault.[34] Hodari was sentenced as a second felony offender.[35]

Hunter, who was forty-two years old at sentencing, is a mature offender. Hunter had three prior felony convictions when he appeared before Judge Volland for sentencing. Hunter's criminal conduct began as a teenager when he attempted to force another child to engage in sexual penetration. He was convicted of armed robbery at the age of sixteen. At seventeen, Hunter and another individual broke into a residence and sexually assaulted a seventeen-year-old girl. While he was in custody for armed robbery, Hunter sexually assaulted another inmate.

Judge Volland found that Hunter's previous confinement had "no effect" and that Hunter's criminality was ingrained. These findings are reinforced by the fact that Hunter committed one of the sexual assaults in this case within twelve hours of a court appearance on an unrelated case. Judge Volland found that Hunter's prospects for rehabilitation were "nil." He found that Hunter had to be incarcerated for a substantial period of time "to prevent harm to the public." He found that Hunter's repeated sexual assaults "reflect conduct by a man undeterred by frequent contacts with the criminal justice system" and that Hunter was a "worst offender."

In this case, Hunter sexually assaulted five victims; there was physical assault and physical injury associated with some of the sexual assaults. Hunter's conduct was predatory, and his treatment of the victims was brutal. Despite repeated contact with the criminal justice system, he has shown no potential for

---

**26.** 781 P.2d 1005 (Alaska App.1989).

**27.** 877 P.2d 777 (Alaska App.1994).

**28.** 927 P.2d 751 (Alaska App.1996).

**29.** *Schuenemann,* 781 P.2d at 1009.

**30.** *Id.* at 1007.

**31.** *Ross,* 877 P.2d at 781–83.

**32.** *Adams,* 927 P.2d at 759–61.

**33.** 996 P.2d 1230 (Alaska 2000).

**34.** *Id.* at 1231.

**35.** *Id.*

rehabilitation. His criminal history shows that he is a persistent and violent offender.[36]

The record in this case demonstrates that Judge Volland reasonably concluded that Hunter is a member of the rare class of offenders who must be incarcerated for the remainder of their life for the protection of the public. We conclude that Hunter's sentence is not clearly mistaken.[37]

*Conclusion*

Hunter's composite sentence is AF-FIRMED.

MANNHEIMER, Judge, concurring.

I write separately to address the apparent conflict between the Alaska Supreme Court's decision in *Loola v. State,* 608 P.2d 36, 37 (Alaska 1980), and the series of decisions issued by this Court dealing with the same issue of double jeopardy law, beginning with *Allain v. State,* 810 P.2d 1019, 1021–22 (Alaska App.1991).

The problem addressed in *Loola* and *Allain* arises when a trial court mistakenly enters judgement against a defendant for more separate offenses than the law allows. Under the double jeopardy doctrine announced in *Whitton v. State,*[1] there will be times when two or more guilty verdicts must merge into a single criminal conviction (and a single sentence). Sometimes, the sentencing judge will recognize the *Whitton* problem and will effect the merger before the final judgement is issued. But if the double jeopardy problem is not perceived, or is not correctly resolved, until the case is on appeal, the appellate court will have to direct the sentencing court to amend the judgement and to re-sentence the defendant.

In such instances, is the sentencing court permitted to alter the defendant's sentences on the remaining offenses so as to maintain the defendant's original composite term of imprisonment? Or does the double jeopardy clause prohibit the sentencing court from changing the defendant's sentences on the remaining counts?

In *Allain,* 810 P.2d at 1021–22, this Court examined this issue at some length and ultimately concluded that the double jeopardy clause allows a sentencing court to alter the defendant's sentences on the remaining counts, so long as the defendant's new sentences do not exceed the composite term that the defendant originally received.

The defendant in *Allain* received two separate convictions and sentences for sexual abuse of a minor, with each conviction based on the same episode of sexual contact.[2] On the first of these counts, the superior court sentenced Allain to 3 years' imprisonment with 2 years suspended. On the second count, the superior court sentenced Allain to a consecutive term of 3 years, with all 3 years suspended. In other words, Allain received a composite sentence of 6 years with 5 years suspended—1 year to serve.[3]

On appeal, Allain contended that it was improper for the superior court to enter separate judgments on these two counts—that the jury's verdicts would support only one conviction and one sentence. The State conceded error.[4] This Court then had to decide what remedy was appropriate for this legal error.

The State argued that, even though the judgement would have to be amended to reflect only one conviction and sentence, "the sentencing [judge] should be authorized to impose a new sentence that does not exceed the composite term of six years with five years suspended originally imposed as to Counts I and II."[5] Allain took the position that any increase in his sentence on the single count would be barred by the double

---

**36.** See *Williams v. State,* 800 P.2d 955, 959–60 (Alaska App.1990), *modified on reconsideration,* 809 P.2d 931 (Alaska App.1991).

**37.** See *McClain,* 519 P.2d at 813–14.

**1.** 479 P.2d 302 (Alaska 1970).

**2.** 810 P.2d at 1021.

**3.** *Id.*

**4.** *Id.*

**5.** *Id.*

jeopardy clause and by the due process clause.[6]

After considering this issue, this Court concluded that "the state's position [is] meritorious and Allain's constitutional claims [are] unpersuasive".

> As a matter of federal constitutional law, it appears clear that resentencing on [the remaining count] is barred neither by double jeopardy nor by the due process prohibition against vindictiveness. *See, e.g., Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *United States v. Pimienta–Redondo,* 874 F.2d 9 (1st Cir.1989) (*en banc* ).

*Allain,* 810 P.2d at 1021.

This Court recognized that it was "conceivable that the more stringent protections of Alaska's double jeopardy and due process clauses might afford Allain shelter against resentencing in some circumstances, even though resentencing would not be barred by the United States Constitution." But under the circumstances of Allain's case, we concluded that the Alaska Constitution did not bar an increase in Allain's remaining sentence. We explained that "[t]wo factors [were] pivotal to our decision":

> First, the dismissal of Count I in this case results from its merger with Count II and does not in any way implicate the legitimacy of the jury's factual determination that Allain was guilty of the conduct originally charged in Count I. Given the merger of Counts I and II, Count II now comprehends the totality of the conduct for which Allain was originally sentenced. Because the merger of Counts I and II was precisely the relief that Allain sought in bringing this appeal, he cannot be heard to complain that double jeopardy precludes the imposition of a new sentence that takes into account the expanded scope of the conduct now included in that count.

*Allain,* 810 P.2d at 1021–22.

> Second, [Allain's sentencing judge] made it abundantly clear at the original sentencing hearing that he viewed Allain's convictions as essentially a single episode of

criminal misconduct and that, while he elected to use consecutive sentences, his aim was to fashion a composite term appropriate for the totality of Allain's conduct. Given [the judge's] remarks, it is apparent that the judge's selection of a partially suspended term on Count I and a completely suspended term on Count II was wholly fortuitous. It is further evident that [the judge] deemed the total term of six years with five years suspended to be appropriate as a total sentence, regardless of whether that sentence was implemented by means of consecutive or concurrent sentences.

*Allain,* 810 P.2d at 1022.

For these reasons, we concluded that the superior court was authorized to re-sentence Allain to a modified term of imprisonment on the remaining count, so long as that new sentence did not exceed the composite sentence originally imposed.[7]

Since that time, we have repeatedly applied our holding in *Allain* to other cases where a defendant had to be re-sentenced owing to the merger or dismissal of one or more of the original counts. *See, e.g., Marker v. State,* 829 P.2d 1191, 1195–97 (Alaska App.1992); *Ward v. State,* 120 P.3d 204, 208–09 (Alaska App.2005); *Moore v. State,* 123 P.3d 1081, 1093–94 (Alaska App.2005); *Walsh v. State,* 134 P.3d 366, 372–73 (Alaska App.2006); and *Billum v. State,* 151 P.3d 507, 509–510 (Alaska App.2006).

But there is a problem with *Allain* and our ensuing decisions on this issue. The problem is that, in *Loola v. State,* 608 P.2d at 37, the Alaska Supreme Court reached the opposite decision: that is, the supreme court held that the double jeopardy clauses of both the federal and state constitutions *forbid* any increase in a defendant's remaining sentences after one or more of the original counts are vacated on *Whitton* grounds.

The defendant in *Loola* was convicted of two crimes under Alaska's former criminal code—assault with a dangerous weapon and aggravated assault—based on a single as-

---

**6.** *Id.*

**7.** *Id.* at 1022.

saultive act.[8] For the first of these offenses, Loola received 10 years' imprisonment with 5 years suspended. For the second offense, Loola received another 5 years' imprisonment, to be served consecutively.[9] In other words, Loola received a composite term of 10 years to serve and an additional 5 years suspended.

Loola filed a sentence appeal, but he only appealed his second sentence. Loola's opening brief was slightly over two pages long, and it was almost entirely devoted to explaining the facts of his case and then arguing that his two offenses merged under *Whitton*. In the concluding paragraph of that brief, rather than asking for a remedy consistent with *Whitton*—i.e., merger of these two offenses into one conviction and sentence— Loola merely asked the supreme court to alter the judgement so that his two sentences would be served concurrently. *See* Alaska Supreme Court File No. 4858, *Loola v. State*, Opening Brief of the Appellant.

The State filed a two-paragraph brief in response. In the first paragraph, the State conceded error on the *Whitton* issue. In the second paragraph, the State asked the supreme court to allow the superior court to alter Loola's sentence on the remaining count, so that the superior court's sentencing intention (10 years to serve) could be carried out. *See* Alaska Supreme Court File No. 4858, *Loola v. State*, Brief of the Appellee.

Loola then filed a one-page reply brief in which he asserted that such an alteration of his remaining sentence would violate the double jeopardy clauses of the federal and state constitutions. Loola cited no authority in support of this constitutional argument. *See* Alaska Supreme Court File No. 4858, *Loola v. State*, Reply Brief of the Appellant.

Despite the fact that this constitutional issue was raised for the first time in a reply brief—in other words, despite the fact that there was no adversarial briefing of this issue—and despite the fact that Loola provided no case law or other authority to support his assertion that it would be unconstitutional

to increase his remaining sentence, the Alaska Supreme Court concluded that the double jeopardy clauses of the federal and state constitutions prohibited the superior court from increasing Loola's remaining sentence. *Loola*, 608 P.2d at 37. The court declared that this conclusion was dictated by the fact that Loola had not appealed both of his sentences, but rather only the second one. *Id.* Based on this, the court held that any increase in the un-appealed sentence would be unconstitutional.

To the extent that the decision in *Loola* rests on the federal double jeopardy clause, it was wrongly decided. As this Court noted in *Allain*, the United States Supreme Court addressed a similar situation in *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), and concluded that the federal double jeopardy clause does *not* prohibit an increase in the defendant's remaining sentences.

The defendant in *Goldhammer* was convicted of 56 counts of forgery and an accompanying 56 counts of theft. The sentencing court imposed a sentence of 2 to 5 years' imprisonment on one of the theft counts, and imposed 5 years of probation on one of the forgery counts. The court then suspended Goldhammer's sentence on the remaining 110 counts.[10] On appeal, the appellate division of the Pennsylvania superior court held that 34 of the theft counts—including the one on which Goldhammer was actually sentenced— were barred by the statute of limitations. The Pennsylvania Supreme Court later affirmed the dismissal of the 34 theft counts, and further held that the federal double jeopardy clause did not permit the trial court to alter any of the suspended sentences that Goldhammer received for the other 22 theft counts.[11]

In response to the State of Pennsylvania's petition for writ of certiorari, the United States Supreme Court summarily reversed the Pennsylvania Supreme Court's double jeopardy ruling and remanded the case to the Pennsylvania courts for a determination

---

**8.** *Loola*, 608 P.2d at 37.

**9.** *Id.*

**10.** *Id.*, 474 U.S. at 29, 106 S.Ct. at 353.

**11.** *Id.*

of whether, under state law, the government was allowed to seek an increase in Goldhammer's sentence on the remaining counts.[12]

This leaves the question of whether Alaska law allows or forbids the increase of a defendant's remaining sentences in this situation.

Leaving aside the fact that the constitutional ruling in *Loola* was issued without the benefit of adversarial briefing, it appears that the decision in *Loola* is flawed in two respects. First, it is inconsistent with the Alaska Supreme Court's *Whitton* jurisprudence. Second, it is inconsistent with Alaska law governing sentence appeals when a defendant has been sentenced for two or more offenses.

As this Court explained in *Erickson v. State*, 950 P.2d 580 (Alaska App.1997), when a defendant attacks a conviction and sentence on *Whitton* grounds, the appeal is not a "sentence" appeal in the technical sense. In a sentence appeal, the defendant concedes the lawfulness of the sentence, but attacks its severity.[13] In contrast, a defendant who raises a *Whitton* challenge is attacking the *lawfulness* of both the conviction and the sentence: the defendant is arguing that, as a constitutional matter, it was improper to enter a separate conviction (much less impose a separate sentence) for the challenged offense.

Moreover, when a defendant has received two separate convictions in violation of *Whitton*, the proper remedy is *not* dismissal of one count in preference to the other. Rather, as we explained in *Kailukiak v. State*, 959 P.2d 771, 774 n. 1 (Alaska App.1998), and again in *Hurd v. State*, 107 P.3d 314, 322 (Alaska App.2005), the proper remedy is a merger of the two counts into a single conviction and sentence based on both verdicts:

> [I]t is technically incorrect for a sentencing court to "dismiss" a count on *Whitton* grounds. Even though the Alaska double jeopardy clause, as construed in *Whitton*, prevents a sentencing court from entering separate convictions and sentences on two counts that constitute the "same offense",

a *Whitton* ruling does not impugn the validity of the jury's underlying verdicts. That is, a *Whitton* ruling that two counts are duplicative casts no doubt on the validity of the jury's fact-finding or its conclusion that the defendant is guilty of the conduct alleged in both counts. For this reason, even though this Court has occasionally spoken of "dismissal" of the duplicative count, we have most often (and most correctly) described the proper course of action as a "merger" of the two counts into a single conviction—*i.e.*, the entry of one conviction and sentence premised on both jury verdicts.

*Hurd*, 107 P.3d at 322 (footnotes omitted).

In other words, a *Whitton* challenge necessarily involves *both* of the related convictions and sentences. And even if the challenge is well-founded, the defendant is not entitled to demand that the court ignore one of the verdicts. Rather, the defendant is entitled to demand a single conviction and sentence based on *both* of the verdicts.

It is true that, in *Whitton*, the supreme court referred to a *Whitton* ruling as a type of sentencing decision, and the court suggested that the remedy for an improper *Whitton* ruling was a sentence appeal. *See Whitton*, 479 P.2d at 313–14.

But as we explained in *Erickson*, both the *Whitton* decision itself and the supreme court's subsequent decisions on this issue clearly demonstrate that *Whitton* rulings are not exercises of sentencing discretion; rather, they are rulings of law. As a consequence, both the State and the defendant are entitled to seek review *and reversal* (not just disapproval) of an erroneous *Whitton* ruling. *See Erickson*, 950 P.2d at 585–87. In particular, see *State v. Occhipinti*, 562 P.2d 348, 349–351 (Alaska 1977), where the supreme court held that the State is entitled to seek a writ of mandamus, and a re-sentencing, when the superior court mistakenly rules that a defendant's convictions must merge under *Whitton*.

---

**12.** *Id.*, 474 U.S. at 29–31, 106 S.Ct. at 353–54.

**13.** *Rozkydal v. State*, 938 P.2d 1091, 1093–94 (Alaska App.1997).

Leaving aside the legal basis and status of *Whitton* appeals, both the Alaska Supreme Court and this Court have repeatedly held that a defendant who is sentenced for two or more offenses is not allowed to bring a sentence appeal that attacks only a single sentence, or isolated sentences, from among the entirety of the sentence imposed. As we explained (most recently) in *Custer v. State,*

> When a defendant pursues a sentence appeal after the sentencing court has imposed a composite sentence for two or more criminal convictions, this Court assesses whether the defendant's combined sentence is clearly mistaken, given the whole of the defendant's conduct and history. [*Brown v. State,* 12 P.3d 201, 210 (Alaska App.2000); *Comegys v. State,* 747 P.2d 554, 558–59 (Alaska App.1987).] Because the question is whether the combined sentence is justified in light of the entirety of the defendant's conduct and history, the law does not require that a specific sentence imposed for a particular count or offense be individually justifiable as if that one crime were considered in isolation. [*Waters v. State,* 483 P.2d 199, 202 (Alaska 1971); *Jones v. State,* 765 P.2d 107, 109 (Alaska App.1988); *Comegys,* 747 P.2d at 558–59.]
>
> For these reasons, an appellate court will not hear a defendant's challenge to a composite sentence unless the defendant has appealed each of the sentences that contributes to the composite total—so that the court can meaningfully evaluate the whole. *See Preston v. State,* 583 P.2d 787, 788 (Alaska 1978).

*Custer,* 88 P.3d 545, 549 (Alaska App.2004) (footnotes replaced by bracketed text).

The Alaska Supreme Court's decision in *Loola* is premised on two assumptions that are inconsistent with this case law (even though some of this case law predates the *Loola* decision). First, the supreme court's decision rests on the idea that a *Whitton* appeal is a "sentence appeal" (in the limited, technical sense of that term—*i.e.,* an appellate challenge to the severity of a concededly lawful sentence). Second, the supreme court's decision rests on the idea that defendants who receive multiple sentences are entitled to appeal only one of their sentences, if that is what they wish to do. Both of these premises are incorrect.

It therefore appears to me that *Loola* was decided without adequate consideration of the legal issues involved and the governing law. The decision in *Allain* (which was issued before I joined the Court of Appeals) appears to be better reasoned and more consistent with the Alaska case law I have discussed here. However, if there is a conflict between a decision of the Alaska Supreme Court and a decision of this Court, the supreme court's decision governs.

The present case is different enough from *Loola* that we need not directly confront and resolve the discrepancy between *Loola* and *Allain.* But because the situation posed in *Loola* and *Allain* (re-sentencing as a result of a *Whitton* ruling) occurs with some frequency, I believe that judges and criminal law practitioners should be alerted to this problem.